Per Curiam.

Defendant’s plaint, as we read his own inartistically drawn petition for a writ of error coram nobis, is not merely that he was not given the sentence, promised to him by the Trial Judge to induce him to plead guilty, but that'he was coerced by the Judge into entering the plea of guilt. Since the record supports Ms assertion of improper coercion, simply changing the sentence and imposing the one promised does not meet the necessities of this case. The defendant is entitled to an order, such as the Appellate Division granted, setting aside the judgment of conviction entered on his coerced plea of guilty and directing that there be a trial.
The order of the Appellate Division should be affirmed.
Desmond, Dye, Fuld, Froessel, Van Voorhis and Burke, JJ., concur in Per Curiam opinion; Conway, Ch. J., dissents and votes to reverse and to reinstate the order of the County Court in the following memorandum:
(1) I do not think that coram nobis is the proper remedy here; (2) we are, in effect, deciding *456 that the County Judge should not have accepted the plea of guilt. Before the prisoner was permitted to plead guilty, he described the manner in which he had committed the crime at pages 33-36 of the record. At page 33 thereof (fol. 98) he explained that when he heard the siren and saw the automobiles of the police coming he jumped out of the window of the house which he had entered, in an endeavor to escape.
Order affirmed.