■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES JOHN RANSOM, Appellant.—Appeal from a judgment of the County Court of Warren County, rendered July 1, 1976, convicting defendant upon his plea of guilty of the crime of incest and sentencing him to an indeterminate term of imprisonment, the maximum of which is four years. On June 10, 1976, after the defendant's arraignment and after plea-bargaining sessions and a prehearing conference, the court, obviously aware of the terms of the understanding between the parties involved, advised the defendant as follows: "That as a result of a pre hearing conference the plan for today's proceeding is for you to withdraw your plea of not guilty to the indictment and enter a plea of guilty and that the court will give Mr. Garlick an opportunity to submit a presentence memorandum and that on the 1st of July that this court would sentence you, in the event there is nothing that changes the decision of the court, to an indeterminate sentence not to exceed three years in States Prison." The defendant then entered a plea of

---

* Matter not moot since parole was denied on August 11, 1976 and another hearing set for March, 1977.

guilty and the matter was adjourned to July 1, 1976 for sentencing. On that day, after acknowledging receipt of a presentence report from the Department of Probation and one submitted by the defendant and without explanation or reference to the bargained for indeterminate sentence with a maximum of three years, the court imposed such a sentence but with a maximum of four years. The defendant contends that he entered his plea of guilty only because of the court's assurance of a maximum sentence of three years. The District Attorney's office has not filed a brief but has advised this court that the negotiated plea called for an indeterminate term with a maximum of three years. While the sentencing court did to some degree qualify or condition his representation that he would impose an indeterminate sentence with a maximum of three years by reserving the right to have an opportunity to examine the presentence report, he gave no reason for his changed view, made no reference to the conditional promise when sentencing and afforded no opportunity to the defendant to withdraw his plea, even though the guilty plea was made in reliance upon the promise. In *People v Esposito,* (32 NY2d 921), which involved a very similar factual situation, the court found that, under the circumstances, it was erroneous as a matter of law when, upon defendant's sentencing, the court did not inform the defendant that the plea bargaining agreement could not be kept and that the court had an obligation to so advise the defendant (cf. *People v Granello,* 18 NY2d 823; *People v Farina,* 2 NY2d 454, 455). In *People v Selikoff* (35 NY2d 227), where a conditional promise as to sentence had been made, the court changed its view but so advised the defendant and gave its reason before sentencing and offered the defendant an opportunity to withdraw his plea. Upon defendant's refusal to change his plea, the court imposed a sentence more severe than called for in the promise. Such a procedure is clearly proper. Accordingly, when a promise or conditional promise is made and a plea entered thereon, the sentencing court is not forever bound but, if it has a change of view, it should, with specificity, record its reasons. The defendant should then be given an opportunity to withdraw his plea, if the foundation for the plea, regardless of fault, has proven to be without substance *(People v Selikoff, supra,* pp 238-239). All necessary and reasonable precautions must be employed to eliminate misunderstanding, mistake and deceit, all of which are the allies of injustice, if the plea bargaining process is to succeed and remain a vital cog in our system of criminal justice. The error here must be corrected. Judgment reversed, on the law, and matter remitted to the County Court of Warren County for further proceedings not inconsistent herewith. Sweeney, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.