■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL LEWIS RUBIN, Appellant.—Appeal by defendant, as limited by his motion, from two amended sentences of the County Court, Suffolk County, both imposed September 22, 1978. Amended sentences affirmed. No opinion. This case is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Cohalan, J. P., Margett, Martuscello and Mangano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH SMITH, Appellant.—Judgment of the Supreme Court, Queens County, rendered July 1, 1976 and July 26, 1976 (upon resentence as to the misdemeanor conviction), affirmed (see *People v Crimmins*, 36 NY2d 230). Damiani, J. P., Cohalan, Margett and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY STEEPS, Appellant.—Appeal by defendant from four judgments of the Supreme Court, Kings County, each rendered December 14, 1976, convicting him of two counts of robbery in the first degree (under Indictment Nos. 1793/76 and 1794/76), burglary in the second degree (under Indictment No. 1999/76), and burglary in the third degree (under Indictment No. 1998/76), upon his pleas of guilty, and imposing sentences. Judgments rendered under Indictment Nos. 1793/76, 1999/76 and 1998/76 affirmed. No opinion. Judgment rendered under Indictment No. 1794/76 modified, on the law, by vacating the sentence imposed thereon. As so modified, judgment affirmed, and the case is remitted to Criminal Term for further proceedings in accordance herewith. At the time defendant pleaded to the charges under Indictment No. 1794/76 the court stated that it would impose a maximum sentence of 16 years (with a minimum sentence as prescribed by law) if, after having read the presentence investigation report, it could do so in good conscience. Defendant was told that if the court could not impose the sentence promised in good conscience, the defendant would be given the opportunity to withdraw his plea. At the time of sentencing the court imposed a sentence of 6 to 18 years with respect to Indictment No. 1794/76. No explanation was tendered, nor was any reference made to the promise given at plea. It is settled law that "the failure or inability to fulfill a promise requires either that the plea of guilty be vacated or the promise fulfilled" *(People v Selikoff*, 35 NY2d 227, 239, cert den 419 US 1122; see *People v Ransom*, 55 AD2d 980). Accordingly, on remand, Criminal Term may either (a) impose a sentence of 5⅓ to 16 years, or (b) give defendant the opportunity to withdraw his plea in the event the court cannot, in good conscience, impose a sentence of less than 6 to 18 years imprisonment. Damiani, J. P., Cohalan, Margett and Martuscello, JJ., concur.