■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO PASCAL, Appellant. — Appeals by defendant (1) from two judgments of the Supreme Court, Kings County (Starkey, J.), each rendered June 19, 1980, convicting him on indictment Nos. 2179/79 and 2619/79 of murder in the second degree (two counts), attempted murder in the second degree, robbery in the first degree, criminal possession of a weapon in the second degree and assault in the second degree, upon a jury verdict, and sentencing him to two indeterminate terms of imprisonment of 25 years to life, two indeterminate terms of imprisonment of 8 to 24 years, and indeterminate terms of imprisonment of 3 to 9 years and 2 to 6 years, all terms to run concurrently with each other, and (2) from three other judgments of the same court, also each rendered June 19, 1980, convicting him of murder in the second degree on indictment No. 2568/79 and robbery in the first degree (two counts) on indictment Nos. 2995/79 and 180/80, upon pleas of guilty, and sentencing him to a term of imprisonment of 25 years to life and two indeterminate terms of imprisonment of 8 to 24 years, to run concurrently with each other and to run concurrently with the sentences imposed upon his convictions with respect to indictment Nos. 2179/79 and 2619/79. ¶ Judgment with respect to indictment No. 2568/79 modified, on the law, by reducing the sentence imposed to an indeterminate term of imprisonment of 15 years to life. As so modified, judgment affirmed. ¶ Judgments with respect to indictment Nos. 2179/79, 2619/79, 2995/79 and 180/80 affirmed. ¶ During the plea allocution with respect to indictment No. 2568/79, the court said: "I've read the pre-sentence report of [defendant], and I thought that [defendant], in view of his record and in view of these three pending cases I have before me, that he was deserving of 25 to life; but I'm not going to give him 25 to life on this case because he's throwing himself on the mercy of the Court. I intend to give him 15 to life on this case, to run concurrently with the 25 to life that he has on the other case". ¶ The court subsequently sentenced defendant to an indeterminate term of imprisonment of 25 years to life on his

conviction with respect to indictment No. 2568/79. Defendant maintains that the promised sentence should have been imposed. We agree. ¶ A promise regarding sentencing made at the time a guilty plea is taken must be fulfilled provided that no information is subsequently learned rendering improvident the promised sentence (see *People v Griffith,* 43 AD2d 20). When the court cannot impose the sentence previously promised, it should specify on the record the circumstances relied upon for its change in position (*People v Ransom,* 55 AD2d 980). If the court cannot impose the promised sentence, the defendant must be given the opportunity to withdraw his plea and proceed to trial (*Santobello v New York,* 404 US 257; *People v Hood,* 62 NY2d 863; *People v Rogers,* 56 NY2d 552; *People v Selikoff,* 35 NY2d 227, cert den 419 US 1122; *People v Mack,* 84 AD2d 540; *People v Steeps,* 70 AD2d 667). In the alternative, this court can enforce the promise (*People v Frederick,* 45 NY2d 520; *People v Jacobsohn,* 60 AD2d 607). ¶ As the sentencing court had already read defendant's presentence report before promising him a sentence of 15 years to life, and the court did not give any reason for not imposing the promised sentence, the sentence of 25 years to life must be reduced to the promised sentence of 15 years to life. ¶ We have considered defendant's other contentions and find them to be without merit. Bracken, J. P., Weinstein, Brown and Niehoff, JJ., concur.