■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORRIS G. JENNETTE, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Clinton County (Feinberg, J.), rendered March 5, 1986, upon a verdict convicting defendant of the crime of operating a motor vehicle while under the influence of alcohol, as a felony.

Defendant was tried and convicted by a jury of operating a motor vehicle while having .10% or more by weight of alcohol in his blood. A breathalyzer test he submitted to, conducted by the arresting State Trooper, yielded a reading of .14%.

At issue are certain evidentiary rulings made during the course of the trial. Specifically, defendant maintains that County Court committed reversible error when it refused to allow the defense to elicit testimony that defendant wore dentures during the breathalyzer test. It is defendant's contention, for which there is some support, that dentures or adhesives used in conjunction therewith are "foreign objects" and hence may have adversely affected the results of the breathalyzer (2 Erwin, Defense of Drunk Driving Cases § 22.04 [2] [3d ed]).

Here, however, no foundation was laid for the introduction of evidence necessary to prove this proposition. In addition to testimony that defendant wore dentures, the defense offered, outside the presence of the jury, to produce two witnesses a dentist who concededly had no knowledge of breathalyzers and a city police officer who was a certified breathalyzer operator. The former's testimony was to be limited to the nature of dentures and denture adhesives and how they differ from natural teeth; since the dentist had performed no clinical tests with breathalyzers, defense counsel did not intend to solicit any opinion from him regarding the impact of dentures on breathalyzers. The officer's testimony was to focus on the practice and procedure he follows in administering these tests and his training by the Bureau of Municipal Police, which included instruction that dentures bring about higher breathalyzer readings.

We find no fault with County Court's refusal to receive this evidence. The testimony was conjectural and speculative at best; a nexus between defendant's dentures and the claimed inaccuracy of the breathalyzer's results was simply not established.

Defendant also claims that the sentence imposed, six months in the county jail followed by 4½ years' probation, as well as a fine of $1,000, was harsh and excessive. As noted by County Court at sentencing, defendant has been convicted of several crimes, including, *inter alia,* two separate offenses involving driving while intoxicated or impaired. That this third offense has met with a period of incarceration is not an abuse of discretion. We reach a different result, however, with respect to the fine, which is twice the statutory minimum *(see,*

Vehicle and Traffic Law § 1192 [5]). Inasmuch as defendant is receiving public assistance and qualified for assigned counsel, a reduction in the fine to the minimum allowed is fitting.

Judgment modified, as a matter of discretion in the interest of justice, by reducing the fine imposed to $500, and, as so modified, affirmed. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.