■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH E. YOUNGS, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered May 27, 1988, convicting defendant upon his plea of guilty of the crime of operating a motor vehicle while under the influence of alcohol, as a felony.

Defendant was charged with two related felony counts of operating a motor vehicle while under the influence of alcohol.

Pursuant to a negotiated plea bargain, defendant pleaded guilty to a single count and was sentenced to a term of imprisonment of 1 to 3 years plus a $1,000 fine. Although at the time of the proceedings in this case Vehicle and Traffic Law § 1192 (5) provided for a mandatory fine of not less than $500, the transcript of the plea proceedings shows that neither County Court nor the prosecutor mentioned that a fine would be imposed in addition to the term of imprisonment.* At sentencing, defendant did not object to the fine. Subsequent to defendant's plea and sentencing, the Vehicle and Traffic Law was amended to make imposition of a fine discretionary (Vehicle and Traffic Law § 1193 [1] [c]).

On appeal, defendant contends that County Court abused its discretion by imposing a fine that was not made part of the plea bargain. We agree and, for the reasons that follow, conclude that there must be a modification.

Initially, we note that defendant is entitled to specific performance of his plea bargain which did not include a fine. He has served his term of imprisonment and should not now be subject to a fine (see, People v Danny G., 61 NY2d 169, 171-172). Moreover, at the time the terms of the plea bargain were placed upon the record, it was incumbent upon County Court to inform defendant that a fine was mandated by statute. The allocution before acceptance by defendant and approval by the court was extensive and, but for the mention of the fine, was otherwise complete. It was erroneous, as a matter of law, for the court, at time of sentencing, not to have informed defendant that the plea bargain could not be kept. The court was obligated to so advise defendant (see, People v Esposito, 32 NY2d 921, 923) and to afford him an opportunity to withdraw the plea (see, People v Ransom, 55 AD2d 980, 981). Nor do we find that defendant's failure to remind the court that a fine had not been included in the plea bargain to be a waiver (see, supra). If the sentence was to be changed, County Court should have, with specificity, recorded its reasons for the change and afforded defendant an opportunity to withdraw his plea (see, People v Ransom, supra, at 981). None of this occurred.

Finally, in view of defendant's limited income which had

---

* County Court did state that $625 remained unpaid on the $750 fine imposed upon defendant on his 1985 conviction for operating a motor vehicle while under the influence of alcohol. Defense counsel indicated that defendant would be able to pay the amount in full prior to sentencing on the instant conviction.

previously qualified him for the services of the Public Defender and for assigned counsel on this appeal, abatement of the fine would not, in any event, be inappropriate *(see, People v Jennette,* 128 AD2d 955, 957).

Judgment modified, on the law and as a matter of discretion in the interest of justice, by vacating the imposition of the $1,000 fine, and, as so modified, affirmed. Kane, J. P., Weiss, Yesawich, Jr., Mercure and Harvey, JJ., concur.