■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE H. BARTO, Appellant.—Weiss, J. Appeal from a judg-

ment of the County Court of Columbia County (Zittell, J.), rendered July 24, 1989, convicting defendant upon his plea of guilty of the crimes of operating a motor vehicle while under the influence of alcohol, as a felony, and attempted escape in the second degree.

Defendant was charged with operating a motor vehicle while under the influence of alcohol on March 19, 1989 and with attempting to escape after his arrest. Pursuant to a negotiated plea bargain, defendant waived indictment and pleaded guilty to a superior court information. The plea arrangement provided for two concurrent 11-month jail sentences. After acceptance of the plea but prior to adjournment for sentencing, County Court said: "Anticipate the fact there is going to be a fine. The State provides a minimum fine. I believe it's still $500. It's probably going up." Defendant was subsequently sentenced to the bargained-for jail sentences and, in addition, the court imposed what it stated to be a nonwaivable $500 fine even though the statutory surcharge was waived because of defendant's indigence.

The mandatory nature of fines was changed with the enactment of the current Vehicle and Traffic Law § 1193, effective November 1, 1988 (L 1988, ch 47). Defendant is entitled to specific performance of his plea bargain which did not include a fine (see, People v Youngs, 156 AD2d 885). Accordingly, the fine must be vacated.

Judgment modified, on the law, by vacating the imposition of the $500 fine, and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.