■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES R. THOMAS, SR., Appellant. [621 NYS2d 978] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Onondaga County Court for further proceedings in accordance with the following Memorandum: Defendant agreed to plead guilty to murder in the second degree and burglary in the first degree in return for an indeterminate sentence of incarceration of no greater than 20 years to life on the murder conviction with a concurrent sentence on the burglary conviction. County Court sentenced defendant to concurrent indeterminate terms of incarceration of 19 years to life on the murder conviction and 8⅓ to 25 years on the burglary conviction. The court further ordered defendant to pay restitution of $104,000 to the family of the victim. That was error *(see, People v Scerbo,* 197 AD2d 885; *People v Lefler,* 193 AD2d 1143; *People v Jackson,* 188 AD2d 1086). When a court imposes a more severe sentence than that bargained for, it must inform defendant that it cannot keep its sentencing bargain, and give defendant an opportunity to withdraw the

plea *(People v Selikoff,* 35 NY2d 227, *cert denied* 419 US 1122; *People v Youngs,* 156 AD2d 885; *People v Ransom,* 55 AD2d 980, 981). Consequently, we modify the judgment by vacating the sentence, and we remit the matter to County Court to impose the sentence promised or to afford defendant the opportunity to withdraw his plea *(see, People v Scerbo, supra; People v Lefler, supra; People v Jackson, supra).* (Appeal from Judgment of Onondaga County Court, Elliott, J.—Murder, 2nd Degree.) Present—Pine, J. P., Balio, Fallon, Doerr and Boehm, JJ.