■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL R. COTE, Appellant. [697 NYS2d 184] —Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered May 18, 1998, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

Pursuant to a negotiated plea bargain, defendant pleaded guilty to a single count of driving while intoxicated as a class D felony (see, Vehicle and Traffic Law § 1193 [1] [c] [ii]). During the course of the plea allocution, County Court made a specific commitment to sentence defendant to a term of imprisonment of 1 to 3 years. Neither County Court nor the prosecutor mentioned that a fine would be imposed in addition to the term of imprisonment. Subsequently, at sentencing, County Court imposed the promised term of imprisonment and, without

discussion as to the reason, imposed a $2,000 fine. Defense counsel made no objection to the fine, noting only that defendant did not have the means to pay it, prompting County Court to reduce it to a judgment. Defendant now appeals, challenging only the fine.

Initially, we reject the People's argument that defendant's failure to remind County Court that a fine, which is optional at the discretion of the court (see, Vehicle and Traffic Law § 1193 [1] [c] [ii]), had not been included in the plea bargain effected a waiver of that issue (see, People v Youngs, 156 AD2d 885, 886). Turning to the merits, we conclude that, although we find no fault with the plea allocution, County Court erred in not sentencing defendant as agreed by imposing the fine; therefore, the fine must be vacated (see, id.; see also, People v Fisher, 233 AD2d 625; People v Barto, 161 AD2d 1044).

Cardona, P. J., Yesawich Jr., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the imposition of the $2,000 fine, and, as so modified, affirmed.