■ MARK PENTA, Respondent, et al., Plaintiffs, v LEON V. LEWIS, Appellant. (Appeal No. 1.) [710 NYS2d 294] —Appeal unanimously dismissed without costs (*see, Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988; *see also, Chase Manhattan Bank v Roberts & Roberts*, 63 AD2d 566, 567; CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, O'Donnell, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANE T. WALDRON, Appellant. [710 NYS2d 273] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25). Defendant contends that County Court erred in failing to specify at sentencing the period of postrelease supervision (*see*, Penal Law § 70.45). By not raising that contention at the time of sentencing, defendant has failed to preserve it for our review (*see, People v Miller*, 270 AD2d 893). In any event, we note that, although the court did not specify the period of postrelease supervision at sentencing, it advised defendant during the plea colloquy that he would be subject to a period of postrelease supervision ranging from 1½ to 3 years and that the court could impose the maximum period thereof at sentencing. The sentence, including the period of postrelease supervision, is neither unduly harsh nor severe. (Appeal from Judgment of Genesee County Court, Noonan, J.—Attempted Burglary, 2nd Degree.) Present—Green, J. P., Hayes, Hurlbutt and Kehoe, JJ.