[733 NYS2d 310]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE F. Goss, Appellant.

Third Department, November 29, 2001

### APPEARANCES OF COUNSEL

*Joseph Nalli,* Cherry Valley, for appellant.

*James E. Conboy, District Attorney* of Montgomery County, Fonda (*Nicholas E. Tishler* of counsel), for respondent.

### OPINION OF THE COURT

SPAIN, J.

Defendant was indicted and charged with burglary in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree and criminal possession of stolen property in the fifth degree. In June 2000, while represented by counsel, defendant entered a plea of guilty to burglary in the second degree in full satisfaction of the indictment upon the understanding that he would be sentenced as a second felony offender—as opposed to a persistent felony offender—to a determinate term of incarceration of 12 years. In connection with this plea, defendant executed a waiver of his right to appeal. At no time during the plea colloquy was defendant advised that—by statute—his definite term of incarceration automatically would be followed by five years of postrelease supervision (*see*, Penal Law § 70.45 [1], [2]).

Prior to sentencing, defendant moved to withdraw his guilty plea on the ground that he was never informed that postrelease supervision would be imposed as part of his sentence. County Court denied defendant's motion finding that the plea was knowingly, voluntarily and intelligently entered. The court then sentenced defendant—in accordance with the plea agreement—as a second felony offender to a determinate prison term of 12 years. Defendant appeals.

Initially, we reject the People's contention that defendant's waiver of the right to appeal precludes review of his argument that County Court erred in denying his motion to withdraw the plea. "[A] defendant always retains the right to challenge the legality of the sentence or the voluntariness of

the plea" (*People v Seaberg*, 74 NY2d 1, 10). Thus, defendant's written waiver of the right to appeal, executed in conjunction with his allegedly involuntary plea, does not preclude the instant appeal (*see, id.; People v Thomas*, 272 AD2d 985, 985-986).

■ Turning to the merits of defendant's appeal, we begin with the well-settled proposition that "[a] trial court has the constitutional duty to ensure that a defendant, before pleading guilty, has a full understanding of what the plea connotes and its consequences" (*People v Ford*, 86 NY2d 397, 402-403; *see, People v Harris*, 61 NY2d 9, 19). Recognizing, however, that "a criminal court is in no position to advise on all the ramifications of a guilty plea personal to a defendant[,] * * * the courts have drawn a distinction between consequences of which the defendant must be advised, those which are 'direct', and those of which the defendant need not be advised, 'collateral consequences'" (*People v Ford, supra*, at 403; *see, People v Latham*, 90 NY2d 795, 798). A direct consequence has a "definite, immediate and largely automatic effect on defendant's punishment" (*People v Ford, supra*, at 403; *see, People v Latham*, 234 AD2d 864, 865 [holding that the use of a defendant's factual admissions during a plea allocution at a subsequent trial arising out of the same transaction to be a direct consequence of the plea], *revd on other grounds* 90 NY2d 795; *see also, Ferguson v United States*, 513 F2d 1011 [holding that a defendant must be informed of "special parole" period to follow agreed-upon sentence]; *Bye v United States*, 435 F2d 177, 180 [holding that a defendant must be apprised, prior to pleading guilty, of the unavailability of parole]).

Collateral consequences, by contrast, are "peculiar to the individual and generally result from the actions taken by agencies the court does not control" such as, for example, deportation (*People v Ford, supra*, at 403) and the discontinuance of work release and college programs for inmates (*see, People v Berezansky*, 229 AD2d 768, 770, *lv denied* 89 NY2d 919; *see also, United States v Crowley*, 529 F2d 1066, *cert denied* 425 US 995 [loss of civil service employment]; *Moore v Hinton*, 513 F2d 781 [loss of a driver's license]; *Meaton v United States*, 328 F2d 379, *cert denied* 380 US 916 [loss of passport]; *Redwine v Zuckert*, 317 F2d 336 [undesirable discharge from the armed services]). We have also held that certification pursuant to New York's Sex Offender Registration Act (Correction Law art 6-C) is a collateral consequence of a guilty plea in that it is administrative and ministerial, rather than punitive (*see, People v Clark*, 261 AD2d 97, 100, *lv denied* 95 NY2d 833).

Even prior to a distinction being drawn between direct and collateral consequences in *People v Ford* (*supra*), it was understood that a defendant must be informed of each essential component of the sentence agreed upon for a guilty plea to be deemed to have been knowing and voluntary. For example, in *People v Youngs* (156 AD2d 885, 886) we held that, prior to accepting a guilty plea, a court must inform a defendant that a statutorily mandated fine would accompany an agreed-upon sentence (*see also, People v Cote*, 265 AD2d 681, 682; *People v Barto*, 161 AD2d 1044, 1045). Similarly, a defendant must be given the opportunity to withdraw a guilty plea if the court fails to inform the defendant that payment of restitution is a required part of the sentence (*see, People v Austin*, 275 AD2d 913; *People v Thomas*, 210 AD2d 902; *cf., People v Prihett*, 279 AD2d 335 [suggesting a defendant need not be informed of a mandatory surcharge]). No appellate court in this State, however, has expressly decided whether the statutorily mandated postrelease supervision requirement embodied in Penal Law § 70.45 must be disclosed to a defendant prior to accepting a guilty plea (*but see, People v Saletnik*, 285 AD2d 665; *People v Harler*, 284 AD2d 734; *People v Bryant*, 279 AD2d 890).

Pursuant to Penal Law § 70.45, a period of postrelease supervision is automatically included in every determinate sentence "as a part thereof" (Penal Law § 70.45 [1]). The Board of Parole provides this supervision and is empowered to establish and impose conditions during the postrelease period in the same manner as it does for individuals on parole or conditional release (Penal Law § 70.45 [3]). Significantly, "a violation of any condition of supervision occurring at any time during such period of post-release supervision shall subject the defendant to a further period of imprisonment of at least six months and up to the balance of the remaining period of post-release supervision" (Penal Law § 70.45 [1]). For second violent felony offenders—such as defendant—the length of the period of post-release supervision is five years (Penal Law § 70.45 [2]). The stated purpose of mandatory postrelease supervision is "[t]o provide greater protection to the public" while "promot[ing] successful reintegration into the community" (Senate Mem in Support, 1998 McKinney's Session Laws of NY, at 1489, 1493; *see also*, Governor's Mem approving L 1998, ch 1, 1998 McKinney's Session Laws of NY, at 1451-1452).

In our view, the five-year period of postrelease supervision which—as a matter of statutory law—is included as part of

defendant's 12-year determinate sentence clearly is a consequence "which has a definite, immediate and largely automatic effect on defendant's punishment" (*People v Ford, supra,* at 403; *see also,* Senate Mem in Support, 1998 McKinney's Session Laws of NY, at 1489 [describing postrelease supervision as "a distinct but integral part of the determinate sentence"]). Given the fact that a violation of the conditions of postrelease supervision results in a significant period of reincarceration and given that the legislative purpose underlying the postrelease supervision requirement is protecting the community, we conclude that postrelease supervision is a significant, punitive component of defendant's sentence. Thus, we hold that postrelease supervision in this context is a direct consequence of defendant's plea (*see, People v Alcock,* 188 Misc 2d 284, 287-289). Since defendant was not advised of it prior to entering the plea, he should have been permitted to withdraw his guilty plea (*see, People v Esposito,* 32 NY2d 921, 923; *People v Bryant,* 180 AD2d 874, 875-876).

We also reject the People's contention that defendant had actual knowledge of the postrelease period prior to his plea, rendering harmless County Court's failure to advise him of that component of his sentence during the plea allocution. Although defense counsel acknowledged receipt of a preplea letter from the court which detailed the components of the plea agreement including the postrelease supervision requirement, counsel admitted on the record that he was unable to state with assurance that the letter was forwarded by his office to defendant, and defendant denies receipt of the letter. Furthermore, we decline the invitation to assume, from defendant's criminal history, that he was aware of the postrelease supervision requirement. Mandatory postrelease supervision is a relatively recent phenomenon (*see,* L 1998, ch 1, § 44 [applicable to offenses committed on or after September 1, 1998]) and applies only to violent felonies (Penal Law § 70.45), and the People provide no support for imputing this legal knowledge to defendant based on his criminal history. Under these circumstances, and applying the holding announced herein, we find inadequate record evidence to support a finding that defendant's plea was knowing and voluntary.

Finally, inasmuch as defendant never knowingly agreed to the five-year postrelease period of supervision to follow his 12-year determinate sentence, we reject the People's argument that the error in not disclosing this portion of the sentence to defendant is harmless. In light of our conclusion that defen-

dant's motion to withdraw his plea should have been granted, it is unnecessary to address defendant's remaining arguments.

CREW III, J. P., PETERS, MUGGLIN and LAHTINEN, JJ., concur.

Ordered that the judgment is reversed, on the law, motion to withdraw plea granted and matter remitted to the County Court of Montgomery County for further proceedings not inconsistent with this Court's decision.