■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY W. JACHIMOWICZ, Appellant. [738 NYS2d 770] —Carpinello, J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered September 22, 2000, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.

In satisfaction of a three-count indictment, defendant entered a plea of guilty to criminal possession of a weapon in the second degree with the understanding that he would be sentenced to a four-year determinate term of imprisonment. Upon learning that the agreed-upon sentence included a period of mandatory postrelease supervision, defendant appealed.

A period of postrelease supervision is automatically included in every determinate sentence "as a part thereof" (Penal Law § 70.45 [1]). In *People v Goss* (286 AD2d 180), this Court recently concluded "that postrelease supervision is a significant, punitive component of [a] defendant's sentence" (*id.* at 184) and that, prior to entering a plea, a defendant should be advised of this direct consequence. Failure to advise a defendant of the statutorily required postrelease supervision requires that he be permitted to withdraw his guilty plea (*see, id.* at 184). The record reveals that defendant was not so advised in this case nor did he move to withdraw his plea. There is, however, nothing in the record to suggest that defendant was aware of the postrelease supervision, which "is a relatively recent phenomenon" (*id.* at 184), before he was delivered to the custody of the Department of Correctional Services. Moreover, inasmuch as *Goss* was decided while this appeal was pending, it is understandable that defendant would raise the issue on his direct appeal, rather than pursue a postconviction motion in County Court. In addition, defendant, who entered his plea in the belief that his sentence would consist of a four-year

determinate prison term, was clearly deprived of the benefit of his bargain when the period of postrelease supervision was automatically added to the determinate term. Accordingly, to the extent that the issue was not preserved by appropriate motion in County Court, we are of the view that corrective action is required as a matter of discretion in the interest of justice (*see*, CPL 470.15 [3] [c]). Although defendant seeks reversal of the judgment and dismissal of the indictment, the only relief to which he could be entitled as the result of the failure to advise him of the postrelease supervision is to have the sentence vacated and afford him the opportunity to withdraw the plea (*see*, *People v Yekel*, 288 AD2d 762), a remedy which defendant proposes as an alternative. The judgment is modified accordingly.

Peters, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; matter remitted to the County Court of Tioga County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.