■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD BROWN, Appellant. [741 NYS2d 923] —Crew III, J.P.

Appeal from a judgment of the County Court of Schenectady County (Catena, J.), rendered May 10, 2001, convicting defendant upon his plea of guilty of the crimes of robbery in the first degree and sexual abuse in the first degree.

Defendant's sole contention on this appeal is that County Court erred in denying his motion to withdraw his plea. According to defendant, he was unaware at the time of the plea that the agreed-upon determinate sentences included periods of postrelease supervision. Our review of the record discloses no basis upon which to disturb the court's denial of defendant's motion.

Every determinate sentence automatically includes "as a part thereof" a period of postrelease supervision (Penal Law § 70.45 [1]), and "[f]ailure to advise a defendant of the statutorily required postrelease supervision requires that he be permitted to withdraw his guilty plea" (*People v Jachimowicz*, 292 AD2d 688, 688). The record of the plea proceeding in this case, however, demonstrates that County Court specifically advised defendant of the periods of postrelease supervision that were included as part of the agreed-upon determinate terms to be imposed upon his plea. Defendant voiced no concern about the inclusion of the postrelease supervision but, instead, stated that he understood. Defendant's subsequent claims at sentencing that he did not remember anything being said about postrelease supervision and that he would not have entered his plea had he known of the postrelease supervision are insufficient to require that he be permitted to withdraw his plea.

Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.