■ The People of the State of New York, Respondent, v Robert A. Jaworski, Appellant. [744 NYS2d 575] —Cardona, P.J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered November 20, 2000, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

On April 21, 2000, defendant entered a convenience store in the City of Kingston, Ulster County, and pointed a pellet gun at the clerk demanding money and cigarettes. The clerk put the money and cigarettes in a bag and, when defendant placed the gun on the counter, the clerk grabbed it. He then pointed it at defendant and fired. After realizing that the gun was not loaded, the clerk struck defendant in the head with it causing him to flee. The clerk chased him outside and proceeded to break the rear window of defendant's vehicle. He also attempted to remove his license plate. Defendant drove away and went to his home located nearby. He was apprehended by police soon thereafter and charged with robbery in the second degree. Defendant pleaded guilty to the charge and was sentenced to a determinate prison term of five years.

Initially, defendant contends that it was reversible error for County Court to accept his guilty plea without inquiring further as to whether he was voluntarily waiving the defense of intoxication. Insofar as defendant failed to move to withdraw his plea or vacate the judgment of conviction, his challenge to the voluntariness of the plea is not preserved for our review (*see, People v Lopez*, 71 NY2d 662, 665; *People v Swank*, 278 AD2d 861, 861, *lv denied* 96 NY2d 807). Nevertheless, were we to consider it, we would find defendant's argument

unpersuasive. Although defendant indicated during the plea allocution that he was in a methadone program and under the influence of various drugs on the day of the incident, he proceeded to relate the specific factual details leading up to and following the crime, thus establishing that he knew exactly what he was doing. Notably, in his statement given to police immediately following the robbery, he did not claim that his memory of the incident was clouded by drugs. Under the circumstances, we conclude that defendant's factual recitation did not cast significant doubt upon his guilt and the court was under no obligation to make further inquiry (*see, People v Swank, supra* at 861; *People v Farnham,* 254 AD2d 767, 767, *lv denied* 92 NY2d 949; *cf., People v Osgood,* 254 AD2d 571; *People v Braman,* 136 AD2d 382, *lv denied* 72 NY2d 911). Likewise, we find no merit to defendant's claim that his attorney's failure to pursue an intoxication defense deprived him of the effective assistance of counsel (*see, People v Keller,* 175 AD2d 312, *lv denied* 78 NY2d 1128; *cf., People v Thomson,* 279 AD2d 644; *People v Norfleet,* 267 AD2d 881, *lv denied* 95 NY2d 801).

We agree with defendant, however, that he should have been advised that his five-year determinate prison term would be followed by a five-year period of postrelease supervision. That omission requires that defendant be permitted to withdraw his plea. This Court has held that "postrelease supervision is a significant, punitive component of [a] defendant's sentence * * * [and] a direct consequence of [a] defendant's plea," and the failure of a court to advise a defendant of such requires that he or she be permitted to withdraw his or her plea (*People v Goss,* 286 AD2d 180, 184; *see generally, People v Rawdon,* 296 AD2d 599 [decided herewith]). Notwithstanding defendant's failure to preserve this issue by appropriate motion, we exercise our jurisdiction as a matter of discretion in the interest of justice (*see,* CPL 470.15 [3] [c]) and find that defendant should be afforded the opportunity to withdraw his plea (*see, People v Jachimowicz,* 292 AD2d 688, 689). Contrary to the urging of the People, we find no compelling reason for adopting a prospective application of *People v Goss* (*supra*) under the circumstances presented. In light of the foregoing, we need not address defendant's claim that the sentence is harsh and excessive.

Mercure, Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; matter remitted to the County Court of Ulster County for fur-

ther proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.