(July 18, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN E. HARLER, Appellant. [744 NYS2d 916] —Cardona, P.J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered May 15, 2000, convicting defendant following a nonjury trial of the crime of assault in the second degree.

As a part of a negotiated arrangement, defendant agreed to a nonjury trial upon stipulated facts and was found guilty of the crime of assault in the second degree. The People recommended a 3½-year determinate prison sentence. County Court sentenced defendant, as a second felony offender, to a three-year determinate prison sentence. In accordance with the negotiated arrangement, a pending indictment charging defendant with rape in the first degree arising out of the same incident was dismissed.

Defendant argues that County Court's failure to advise him that he was subject to a mandatory five-year period of postrelease supervision (*see*, Penal Law § 70.45 [1]) invalidates his waiver of, inter alia, his right to a jury trial and election to proceed upon the stipulated facts because he was not fully informed of that significant punitive consequence (*see*, *People v Goss*, 286 AD2d 180, 184). Notably, where it is established that a defendant has not been advised of the statutorily required postrelease supervision period prior to entering a plea, this Court has determined that the appropriate remedy is to vacate the sentence thereby permitting the defendant the opportunity to withdraw his or her guilty plea (*see*, *People v Jaworski*, 296 AD2d 597; *People v Jachimowicz*, 292 AD2d 688; *People v Yekel*, 288 AD2d 762; *People v Goss, supra*). We have applied this remedy as a matter of discretion in the interest of justice (*see*, CPL 470.15 [3] [c]; *People v Jachimowicz,supra*) where, as here, a defendant has failed to preserve the issue by appropriate postconviction motion.

In the instant matter, the underlying conviction resulted from a bench trial. This Court has approved the use of bench trials conducted on stipulated facts (*see*, *People v Boateng*, 246 AD2d 749, 750, *lv denied* 91 NY2d 970). Although there is no plea to withdraw in the instant case, defendant, nevertheless, seeks to have his sentence vacated and be "given the opportunity to withdraw any or all waivers executed in furtherance of [his] conviction," arguing that the procedure utilized herein was tantamount to a guilty plea. We find his argument persuasive. The record shows that the parties and County Court specifically agreed that defendant would waive indictment, be prosecuted upon a superior court information charging assault in the second degree, agree to a nonjury trial on stipulated facts, all with the expectation that he would be found guilty of the charge and sentenced to no more than a four-year determinate prison sentence. Clearly, the existence of this ar-

rangement was, in both its inception and its practical effect, the functional equivalent of a guilty plea.*

Accordingly, under the specific circumstances herein, we find the failure to advise defendant of the required period of postrelease supervision necessitates that we exercise our interest of justice jurisdiction (*see,* CPL 470.15 [3] [c]) and take corrective action by reversing defendant's judgment of conviction. In light of our decision, we need not address defendant's remaining contentions.

Mercure, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Chemung County for further proceedings not inconsistent with this Court's decision.

---

* County Court confirmed such when, in reviewing the proceedings which occurred up to the point of sentencing, noted that "[a]ll this was consistent with the prior *plea bargain,* which was between the District Attorney's Office and [defense counsel] and the Court, whereby there was an agreement of a determinate sentence on assault second, which is a violent felony. Four year determinate was the *plea bargain* * * * that the rape first charge would be dismissed and the assault second charge would, in effect, be substituted as the more appropriate charge consistent with the injuries and the nature of this particular confrontation between the victim and the defendant" (emphasis supplied).