■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMON COSTNER, Also Known as DAMONE BELL, Appellant. [753 NYS2d 794] —Appeal from a judgment of Supreme Court, Erie County (Forma, J.), entered May 11, 2000, convicting defendant upon his plea of guilty of, inter alia, attempted assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [former (4)]). Defendant contends that he was denied effective assistance of counsel when Supreme Court elicited adverse comments from defense counsel on the pro se motions of defendant to withdraw his guilty plea. The record establishes that the court denied defendant's motions before eliciting those comments from defense counsel, and thus those comments had no effect on the court's determination (*see People v Wyant,* 292 AD2d 779, 780, *lv denied* 98

NY2d 715). Contrary to the further contention of defendant, his knowing, voluntary, and intelligent waiver of the right to appeal encompasses his contention that the court erred in denying his suppression motion (*see People v Kemp,* 94 NY2d 831, 833). The period of postrelease supervision is neither unduly harsh nor severe.

Defendant further contends that the court erred in denying his motion to withdraw his plea on the ground that the court failed to advise him at the time of his plea that he would be subject to a period of postrelease supervision. We agree with defendant that the sentence must be vacated and the matter remitted to Supreme Court, Erie County, to afford him the opportunity to withdraw his plea. The "[f]ailure to advise a defendant of the statutorily required postrelease supervision requires that he be permitted to withdraw his guilty plea" (*People v Jachimowicz,* 292 AD2d 688, 688; *see People v Goss,* 286 AD2d 180, 184). We therefore modify the judgment by vacating the sentence, and we remit the matter to Supreme Court, Erie County, to afford defendant the opportunity to withdraw his plea. Present—Green, J.P., Wisner, Scudder, Burns and Hayes, JJ.