[755 NYS2d 118]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
THEODORE LINDSEY, Appellant.

Third Department, February 20, 2003

**APPEARANCES OF COUNSEL**

*Theodore Lindsey*, Marcy, appellant pro se.

*Stephen F. Lungen, District Attorney*, Monticello, for respondent.

**OPINION OF THE COURT**

MERCURE, J.P.

In April 2000, defendant was convicted upon his plea of guilty to the crime of burglary in the second degree and was sentenced to a determinate five-year prison term. Defendant appealed the judgment of conviction arguing, inter alia, that County Court erred in denying his motion to withdraw his plea because it was a product of duress. In May 2001, this Court affirmed, concluding that "defendant knowingly and voluntarily entered his plea after having an ample opportunity to discuss and consider the plea bargain" and that "[t]he plea allocution contains nothing that casts any doubt on either defendant's guilt or the voluntariness of his plea" (283 AD2d 782, 782, *lv denied* 96 NY2d 940).

In February 2002, defendant, pro se, moved pursuant to CPL article 440 to vacate the judgment of conviction and to set aside the sentence on the ground that his plea was not knowingly, voluntarily and intelligently entered because County Court failed to inform him that a five-year period of postrelease supervision would be imposed following his incarceration pursuant to Penal Law § 70.45. County Court denied the motion. Defendant now appeals pursuant to leave granted by this Court, arguing that the judgment should be vacated as a matter of law and in the interest of justice.

Pursuant to Penal Law § 70.45, which is applicable to offenses committed on or after September 1, 1998, a period of postrelease supervision is automatically included in every determinate sentence "as a part thereof" (Penal Law § 70.45 [1]; L 1998, ch 1, § 44). This Court has repeatedly reaffirmed our holding in *People v Goss* (286 AD2d 180) that a mandatory period of postrelease supervision is "a direct consequence of [a] defendant's plea" and, thus, where the "defendant was not advised of it prior to entering [a] plea, he [or she] should [be] permitted to withdraw [the] guilty plea" (*id.* at 184; *see e.g. People v Harler*, 296 AD2d 712, 713; *People v Jaworski*, 296 AD2d 597, 598; *People v Jachimowicz*, 292 AD2d 688, 688). Even where a defendant fails to preserve the issue by appropriate motion, this Court has exercised its jurisdiction in the inter-

est of justice to take corrective action in cases involving direct appeals of convictions entered prior to our decision in *Goss* (*see People v Harler, supra; People v Jaworski, supra; People v Jachimowicz, supra*).

This case, however, does not involve a direct appeal; instead, the case comes before us on an appeal from a denial of a CPL article 440 motion to vacate the judgment of conviction. The applicable provision here, CPL 440.10 (2) (c), provides that such a motion *must* be denied where "[a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's * * * unjustifiable failure to raise such ground or issue upon an appeal actually perfected" (CPL 440.10 [2] [c]).[1] Indeed, "sufficiency of the plea allocution can be reviewed only by direct appeal" where "sufficient facts appear on the record to permit the question to be reviewed" (*People v Cooks*, 67 NY2d 100, 104; *see People v Mower*, 97 NY2d 239, 245-246 [concluding that a CPL 440.10 motion was improper where the defendant challenged his first degree murder conviction on the ground that he pleaded guilty pursuant to statutory provisions later invalidated by the Court of Appeals because the claim did "not involve factual matters beyond the scope of the record or legal issues which could not have been asserted before the final judgment of conviction"]). Here, the allegedly deficient plea allocution is contained in the record and—although not critical to our decision—defendant concedes that he was advised of the postrelease supervision period upon his arrival at the state correctional facility, long before our decision on his direct appeal. Accordingly, because defendant's claim could have been, but was not, raised on his direct appeal, the motion was properly denied (*see generally People v La Mountain*, 288 AD2d 503, 504, *lv denied* 98 NY2d 731).[2] We have reviewed defendant's remaining contentions and find them lacking in merit.

---

1. Although defendant moved pursuant to CPL 440.30 and County Court deemed the motion to have been made pursuant to CPL 440.10 and 440.20, CPL 440.10 is the applicable provision since defendant seeks "to vacate his judgment completely," rather than to merely vacate or modify his sentence. We note that under CPL 440.10 (2), the bars to review are absolute and may not be waived in the interest of justice (*see* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 440.10, at 425; *cf.* CPL 440.10 [3]).

2. In light of our holding that CPL 440.10 (2) (c) mandates denial of a postconviction challenge to the voluntariness of a plea based on the failure to

PETERS, SPAIN, ROSE and LAHTINEN, JJ., concur.
Ordered that the order is affirmed.

---

advise of a postrelease supervision term where sufficient facts appear on the record to permit adequate review on direct appeal, only a motion prior to sentencing can preserve the issue for our review in such cases. Our dictum in *People v Harler* (296 AD2d 712, *supra*), that a defendant may preserve the issue "by appropriate postconviction motion" (*id.* at 713; *see People v Keyes*, 300 AD2d 909; *People v Jachimowicz*, 292 AD2d 688, 688, *supra*), should not be read to signal a contrary view.