■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAEED VAHEDI, Also Known as SAM, Appellant. [758 NYS2d 874] —Peters, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered May 3, 2001, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

New counsel having been assigned to represent defendant on appeal (299 AD2d 662 [2002]), defendant now argues that his plea of guilty to the crime of robbery in the first degree was not knowing, voluntary or intelligent because he was not informed at the time of his plea that the six-year determinate sentence imposed by County Court would be followed by a five-year period of postrelease supervision. Consequently, he seeks to vacate the sentence to afford him the opportunity to withdraw his plea or, alternatively, to have the sentence modified.

County Court, in accepting the plea, advised defendant that he faced a maximum of seven years in prison, but did not indicate that such imprisonment would be followed by a period of postrelease supervision. At sentencing, the court informed defendant that the six-year determinate sentence it was imposing would be followed by a five-year period of postrelease supervision. As defendant was not advised of this "direct consequence" of his plea prior to County Court's acceptance of it, he should be afforded the opportunity to withdraw it (see People v Baker, 301 AD2d 868 [2003], lv dismissed 99 NY2d 625 [2003]; People v Jaworski, 296 AD2d 597, 598 [2002]; People v Goss, 286 AD2d 180 [2001]). Notwithstanding defendant's failure to make an appropriate motion before County Court, we exercise our interest of justice jurisdiction (see CPL 470.15 [3] [c]) and grant him relief particularly since People v Goss (supra), the case establishing this rule of law, was decided during the pendency of defendant's appeal (see People v Jachimowicz, 292 AD2d 688, 688 [2002]). Although defendant is not entitled to modification of the sentence to eliminate the postrelease supervision requirement (see People v Cass, 301 AD2d 681 [2003]), he is entitled to withdraw his plea (see People v Ventura, 301 AD2d 967 [2003]; People v Keyes, 300 AD2d 909 [2002]).

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision.