THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN K. VAN CISE, Appellant. [761 NYS2d 912] —Appeal from a judgment of Steuben County Court (Bradstreet, J.), entered March 11, 2002, convicting defendant upon his plea of guilty of attempted burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). Defendant contends that his plea was not knowingly, voluntarily, and intelligently entered because County Court failed to advise him prior to entry of the plea that he would be subject to a period of postrelease supervision. Because defendant failed to move to withdraw his plea or to vacate the judgment of conviction on that ground, he has not preserved his contention for our review (*see* CPL 470.05 [2]; *People v Perillo*, 300 AD2d 1097 [2002]; *People v Kazmirski*, 299 AD2d 826 [2002], *lv denied* 99 NY2d 583 [2003]). Defendant's motion to set aside the postrelease supervision component of the sentence pursuant to CPL 440.20 did not preserve that contention for our review inasmuch as the motion addressed only the validity of the sentence imposed (*see People v Larweth*, 303 AD2d 1029 [2003]). We decline to exercise our power to review defendant's

contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). The further contention of defendant that he was denied effective assistance of counsel because defense counsel allegedly failed to advise him of the mandatory period of postrelease supervision "involves matters outside the record and therefore must be pursued by way of a CPL 440.10 motion" (*Kazmirski*, 299 AD2d at 827). Finally, defendant's sentence is legal (*see People v Crump*, 302 AD2d 901 [2003]) and is neither unduly harsh nor severe. Present—Pine, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.