■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JESSE J. SWANSBROUGH, Respondent. [762 NYS2d 450] —Rose, J. Appeal from an order of the County Court of Tompkins County (Sherman, J.), entered August 12, 2002, which granted defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of attempted criminal possession of a controlled substance in the fifth degree and attempted criminal

possession of a weapon in the third degree (two counts), without a hearing.

In September 1999, defendant pleaded guilty to the crimes of attempted criminal possession of a controlled substance in the fifth degree and attempted criminal possession of a weapon in the third degree (two counts). He was later sentenced to a determinate prison term of three years on each charge, with the terms to be served concurrently. It is undisputed that County Court failed to advise defendant that he would also be subject to a five-year period of postrelease supervision pursuant to Penal Law § 70.45. Defendant waived his right to appeal, and he thereafter took no appeal from the judgment of conviction. He was conditionally released from prison in March 2002, and soon thereafter he violated the conditions of his release and was returned to custody. In June 2002, defendant moved pursuant to CPL 440.10 to vacate his 1999 judgment of conviction and withdraw his plea based on County Court's failure to advise him of the postrelease supervision. County Court granted his motion, and the People now appeal.

As we recognized in our recent decision in *People v Lindsey* (302 AD2d 128 [2003]), CPL 440.10 (2) (c) mandates summary denial of a postconviction challenge to the voluntariness of a plea based on a failure to advise of postrelease supervision where sufficient facts appear on the record to permit adequate review on direct appeal and the defendant unjustifiably fails to take or perfect an appeal actually raising that issue (*id.* at 130; *see People v Cooks*, 67 NY2d 100, 104 [1986]). Here, defendant took no direct appeal from the judgment of conviction. Instead, he moved to vacate the judgment pursuant to CPL 440.10 only after his subsequent incarceration for violating the conditions of his release from prison. Although defendant's 1999 convictions occurred before this Court began taking corrective action where a trial court fails to advise a defendant of postrelease supervision (*see People v Goss*, 286 AD2d 180 [2001]), the record here would have been sufficient to obtain review of that issue on a direct appeal. Further, a trial court's obligation to advise a defendant of the direct consequences of a plea of guilty, as well as the distinction between the direct and collateral consequences of a sentence, were recognized in New York before this Court applied them to postrelease supervision in *Goss* (*see People v Ford*, 86 NY2d 397, 402-403 [1995]). Defendant could have raised this issue upon direct appeal despite his waiver of the right to appeal, as occurred in *People v Goss* (*supra*). Thus, defendant has not adequately justified his failure to raise this issue on a direct appeal. Accordingly, we find that County

Court erred in granting defendant's motion and vacating his judgment of conviction.

Crew III, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the order is reversed and motion denied.