■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. WILLIAMS JR., Appellant. [762 NYS2d 292] —Rose, J. Appeals (1) from a judgment of the County Court of Broome County (Mathews, J.), rendered March 6, 2001, convicting defendant upon his plea of guilty of the crime of sodomy in the first degree, and (2) by permission, from an order of said court, entered July 18, 2002, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In satisfaction of a four-count indictment, defendant pleaded

guilty to the charge of sodomy in the first degree with the understanding that he would be sentenced to a five-year determinate term of imprisonment. Prior to sentencing, defendant moved to withdraw his plea on the grounds that defense counsel had provided ineffective assistance and that he was innocent. County Court denied the motion. Defendant was then sentenced in accordance with the plea bargain and appealed his conviction. During the pendency of the appeal, defendant also moved pursuant to CPL 440.10 to vacate his conviction on similar grounds. County Court denied this motion, prompting defendant's second appeal.

The record does not contradict defendant's claim on his direct appeal that County Court did not advise him at the time of his plea that he would be subject to a five-year period of postrelease supervision. There is, however, evidence that defendant had actual knowledge of that period just after he pleaded guilty (*cf. People v Goss,* 286 AD2d 180, 184 [2001]). The record indicates that, at the end of the plea allocution, the prosecutor expressly confirmed with the court that a five-year period of postrelease supervision would be imposed and defendant's counsel acknowledged that this was mandatory. Then, just before the time of sentencing, defendant's counsel requested a 2½-year period of postrelease supervision. During sentencing, the court advised defendant that a five-year period of postrelease supervision would be imposed. Despite his present claim that he would not have pleaded guilty if he had been aware of the five-year period of postrelease supervision, defendant did not register a timely objection to the sentence before the trial court so as to preserve the issue for appellate review (*see People v Williams,* 300 AD2d 825, 827 [2002]). In these circumstances, we decline to exercise our discretion in the interest of justice to afford him an opportunity to raise the issue now (*see* CPL 470.15 [3] [c]; *People v Van Gorden,* 307 AD2d 547, 548 [2003] [decided herewith]; *People v White,* 296 AD2d 867, 867 [2002], *lv denied* 99 NY2d 540 [2002]).

Turning to defendant's appeal of the denial of his CPL 440.10 motion, we find no merit in his various contentions based largely on renewed claims of ineffective assistance of counsel and that his sentence is harsh due to the inclusion of a five-year, rather than 2½-year, period of postrelease supervision.

Crew III, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the judgment and order are affirmed.