■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PATRICK S. MURRAY, Respondent. [768 NYS2d 705]—Lahtinen, J. Appeal from an order of the County Court of Cortland County (Smith, J.), entered May 2, 2003, which granted defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of attempted burglary in the second degree, without a hearing.

In March 2000, defendant pleaded guilty to attempted burglary in the second degree in satisfaction of a five-count indictment. During the plea allocution, defendant was told that he would receive a determinate two-year sentence, but he was not informed of the three-year period of postrelease supervision imposed by Penal Law § 70.45. At the time of sentencing, however, County Court stated that the sentence being imposed included three years of postrelease supervision. After the sentence was imposed, defendant signed a waiver of his right to appeal and did not pursue an appeal. In January 2003, he moved

pursuant to CPL 440.10 to vacate his judgment of conviction and withdraw his plea of guilty on the ground that County Court failed to inform him about the postrelease supervision at the time of his plea. County Court granted defendant's motion. The People appeal.

We reverse. Notwithstanding his waiver, defendant could have raised the sentencing issue in a direct appeal and the record would have been sufficient for review of that issue (*see People v Swansbrough,* 307 AD2d 389 [2003], *lv denied* 100 NY2d 624 [2003]). Defendant's failure to pursue the issue in an available appeal precludes consideration of the issue within the context of this CPL article 440 motion (*see* CPL 440.10 [2] [c]; *People v Swansbrough, supra* at 390; *People v Lindsey,* 302 AD2d 128 [2003], *lv denied* 100 NY2d 583 [2003]). County Court thus erred in granting defendant's motion.

Mercure, J.P., Crew III, Peters and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, and motion denied.