■ The People of the State of New York, Respondent, v Toyan A. Grose, Appellant. [768 NYS2d 847]—

Mugglin, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered June 29, 2001, convicting defendant upon his plea of guilty of the crimes of attempted assault in the first degree and assault in the second degree.

Defendant's pleas to attempted assault in the first degree and assault in the second degree were entered in full satisfaction of an 11-count indictment. Pursuant to the counseled plea agreement, he was sentenced to two consecutive prison terms of five years. At sentencing, his attorney informed County Court that at the suppression hearing he learned for the first time that defendant had been indicted in Kings County and would be receiv-

ing a 10-year sentence, and that the plea was entered on the belief that the 10 years received in Broome County would be concurrent with the 10 years received in Kings County.

One of the issues that defendant raises on this appeal is County Court's failure to advise him that he was subject to a mandatory five-year period of postrelease supervision (*see* Penal Law § 70.45). "[P]ostrelease supervision is a direct consequence of a defendant's guilty plea and the failure to advise a defendant of such consequence prior to entering a guilty plea mandates that a defendant be afforded the opportunity to withdraw such plea" (*People v Hazen*, 308 AD2d 637, 638 [2003]; *see People v Goss*, 286 AD2d 180 [2001]). We have applied this rule when the plea and sentence have preceded our decision in *People v Goss* (*supra*), "even where a defendant has not preserved the issue by making an appropriate motion before the trial court" (*People v Hazen, supra* at 638; *see People v Jaworski*, 296 AD2d 597 [2002]; *compare People v Van Gorden*, 307 AD2d 547, 548 [2003]). As defendant's plea preceded our *Goss* decision by six months, in the interest of justice he is given an opportunity to withdraw it. Under these circumstances, we find it unnecessary to reach defendant's other arguments.

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, plea vacated and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.