■ The People of the State of New York, Respondent, v Erik A. Munck, Appellant. [771 NYS2d 733]—

Cardona, P.J. Appeal, by permission, from an order of the County Court of Broome County (Smith, J.), entered September 9, 2002, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence following his conviction of the crimes of attempted burglary in the first degree, attempted assault in the second degree and criminal possession of a weapon in the third degree, without a hearing.

In September 1999, on his scheduled trial date, defendant entered a guilty plea to a three-count indictment charging him with the crimes of attempted burglary in the first degree, at-

tempted assault in the second degree and criminal possession of a weapon in the third degree. Subsequently, he was sentenced to concurrent terms of imprisonment of 12 years on the attempted burglary charge, 3 to 6 years on the weapons charge and 2 to 4 years on the attempted assault charge. No specific period of postrelease supervision was set forth at the time of sentencing. His conviction was affirmed on appeal (278 AD2d 662 [2000]). In June 2002, defendant moved, pursuant to CPL 440.20, to set aside his sentence on the basis that County Court did not advise him at the time he entered his plea that he was subject to a mandatory period of postrelease supervision (*see* Penal Law § 70.45 [1]). County Court denied the motion and this Court granted permission to appeal.

Defendant contends that this Court's decision in *People v Goss* (286 AD2d 180 [2001]) is controlling and, therefore, his sentence must be set aside. In *Goss*, we established the rule that a defendant's sentence must be vacated to afford him or her the opportunity to withdraw a plea when there has been a failure to advise him or her of the mandatory period of postrelease supervision prior to entering a guilty plea. Where, as here, the plea and sentence preceded the *Goss* decision, we have applied the rule, exercising our discretion in the interest of justice, to take corrective action in those cases where the issue has not been preserved by an appropriate motion before the trial court (*see* CPL 470.15 [3] [c]; *People v Grose*, 2 AD3d 1211 [2003]; *People v Jachimowicz*, 292 AD2d 688 [2002]). Under the circumstances of this case, however, we find *Goss* inapplicable. *Goss* and its progeny involved negotiated guilty pleas where defendants were "deprived of the benefit of [their] bargain[s] when the period of postrelease supervision was automatically added to the determinate term" (*People v Jachimowicz, supra* at 689). Here, since defendant entered his guilty plea without the benefit of any plea bargain, the imposition of a period of postrelease supervision had no impact on his decision to plead guilty (*compare People v Loudenslager*, 2 AD3d 1220 [2003]; *People v Grose, supra*; *People v Jachimowicz, supra*). Therefore, there was no need to advise him of that consequence before accepting his plea.

Defendant next argues that the inclusion of the five-year period of postrelease supervision, when added to the 12-year term of incarceration, rendered the sentence illegal.* We disagree. "[A] period of postrelease supervision is automatically included in every determinate sentence 'as a part thereof' " (*People v*

---

* The issue of the legality of a sentence may be raised for the first time on appeal (*see People v Gonzalez*, 99 NY2d 76, 86 [2002]).

*Lindsey*, 302 AD2d 128, 129 [2003], *lv denied* 100 NY2d 583 [2003], quoting Penal Law § 70.45 [1]) and is an *"additional period"* which is added to every determinate sentence (Penal Law § 70.45 [1] [emphasis supplied]), and commences upon release from prison (*see* Penal Law § 70.45 [5] [a]). Convicted of attempted burglary in the first degree, a class C violent felony (*see* Penal Law § 70.02 [1] [b]) and sentenced as a second felony offender to a 12-year determinate sentence (*see* Penal Law § 70.06 [6] [b]), defendant is properly subject to a five-year period of postrelease supervision (*see* Penal Law § 70.45 [2]). Therefore, his contention that his sentence is illegal lacks merit.

Mercure, Peters, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed.