■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE CALKINS, Appellant. [776 NYS2d 331]—

Carpinello, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered February 13, 2002, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree, grand larceny in the third degree and conspiracy in the fourth degree.

Defendant and a codefendant were charged in an indictment with burglary in the second degree, grand larceny in the third

degree and conspiracy in the fourth degree after they unlawfully entered a home in the Town of Ghent, Columbia County, and stole a significant amount of money. During proceedings before County Court on November 15, 2001, the prosecution agreed to make a joint sentencing recommendation if both defendant and the codefendant entered guilty pleas and waived their right to appeal. Under the terms of the agreement, defendant would plead guilty to all counts of this indictment in full satisfaction of these and other pending charged and uncharged crimes. In return, the People agreed to recommend a six-year prison term on the burglary charge. Prior to defendant's plea, County Court made it clear that it was not bound by the prosecution's recommendation and was making no promises concerning sentencing. Defendant proceeded to plead guilty to each of the charges set forth in the indictment and waived his right to appeal.

Prior to sentencing, defendant moved to withdraw his plea on the grounds that he was innocent of the charges and the plea was involuntarily made. After conducting a hearing, County Court denied the motion. In February 2002, defendant was sentenced to concurrent prison terms of nine years on the burglary conviction, to be followed by a five-year period of postrelease supervision, $3^1/_2$ to 7 years on the grand larceny conviction, and 2 to 4 years on the conspiracy conviction. He now appeals.

Initially, defendant argues that the plea was involuntary and that he should be allowed to withdraw it because he was not informed that his sentence on the burglary conviction would be followed by a period of postrelease supervision. We acknowledge that in *People v Goss* (286 AD2d 180 [2001]), we held that postrelease supervision is "a significant, punitive component of [a] defendant's sentence" (at 184) and, if a defendant is not advised of such consequences prior to the entry of a plea, he or she should be permitted to withdraw it (*see People v Loudenslager*, 2 AD3d 1220, 1221 [2003]; *People v Vahedi*, 305 AD2d 866, 866 [2003]). Central to our holding in *Goss* and its progeny is the recognition that a defendant who entered a guilty plea pursuant to a plea agreement, but who was not informed of a mandatory period of postrelease supervision, would be "deprived of the benefit of [the] bargain" (*People v Jachimowicz*, 292 AD2d 688, 689 [2002]). However, where, as here, a defendant has entered a guilty plea without the benefit of a sentencing agreement, the failure to advise him or her of a period of postrelease supervision cannot have impacted upon the voluntariness of the plea (*see People v Munck*, 4 AD3d 627 [2004]; *compare People v Grose*, 2 AD3d 1211 [2003]; *People v Jachimowicz, supra*).

Defendant's claim that the sentence is harsh and excessive is encompassed by his voluntary waiver of the right to appeal (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Howard*, 1 AD3d 718, 718 [2003]). Even if we were to consider it, we would find it to be without merit as there is nothing in the record to suggest an abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Creighton*, 298 AD2d 774, 775 [2002]; *People v Cooney*, 290 AD2d 727, 728 [2002], *lv denied* 97 NY2d 752 [2002]). We have considered defendant's remaining claim and find it to be unavailing.

Cardona, P.J., Mercure, Crew III and Mugglin, JJ., concur. Ordered that the judgment is affirmed.