*556 OPINION OF THE COURT
Sara S. Sperrazza, J.
On April 19, 2005, this defendant submitted a pro se motion pursuant to section 440.20 of the Criminal Procedure Law seeking to set aside the sentence imposed (or at least the three-year postrelease supervision portion of that sentence) on August 23, 2001 for his July 5, 2001 plea to the class D violent felony of second degree assault as a first time felony offender.
The three-count indictment had originally charged the defendant with attempted second degree murder, first degree assault with a weapon intending to cause serious injury and fourth degree criminal possession of a weapon relating to the January 3, 2001 vicious hammer assault Mr. Dolan committed upon his wife of 27 years. In the sanctity of her own home, in the dead of night while she slept in her own bed, this victim was brutalized by repeated hammer blows causing 12 separate skull fractures, a brain hemorrhage, blood clots in the brain, a shattered eardrum, some vision loss, damage to her sinuses, four broken front teeth and permanent injury to her left hand. The 46-year-old victim, mother of this defendant’s two children, lay unconscious for six days. She remained in the hospital for three weeks, thereafter residing for the next three months with her mother to start the slow recovery process. Despite three subsequent surgeries, she suffers permanent health problems, memory loss, occasions of confusion, blind spots in her vision, dizzy spells and permanent partial loss of function in her hand. (See the presentence report.)
The plea entered on July 5, 2001, to the violent class D felony of second degree assault, was in full satisfaction of all charges contained in the indictment. The plea included the defendant’s waiver of his appeal rights. Nonetheless, the defendant filed his notice of appeal on September 21, 2001, thereby acknowledging awareness of his legal ability to appeal here regardless of the purported waiver. (Cf., People v Murray, 2 AD3d 1160 [3d Dept 2003].) There is no indication in the court’s record of what happened on that appeal.
Now, almost four years later, the defendant brings this CPL article 440 motion. He seeks to remove the three-year postrelease supervision mandated by sections 70.00 (6) and 70.45 of the Penal Law, while at the same time retaining the very favorable benefits of the plea reduction deal (a seven-year determinate sentence). Essentially, his argument is that the court never *557 informed him at the time of the plea about the mandatory post-release supervision “addition” to the sentence and, hence, when given the seven-year determinate sentence, the addition of the three years of postrelease supervision unfairly increased his penalty beyond what he bargained for in accepting the plea offer.
While the defendant cites a hodgepodge of cases from various federal courts and state courts in Delaware, Illinois and California, the essence of his argument having relevance here in New York principally relies upon a series of what started out as largely Third Department cases standing for the proposition that mandatory postrelease supervision is a direct consequence of the criminal plea conviction requiring full disclosure during the plea allocution in order to comply with due process. (See, People v Goss, 286 AD2d 180 [3d Dept 2001]; People v Jaworski, 296 AD2d 597 [3d Dept 2002].) That analysis by the Third Department was adopted by the Fourth Department in People v Costner (302 AD2d 902 [4th Dept 2003]).
Unfortunately for the defendant, however, the same progeny of cases also repeatedly ruled that the appropriate remedy is to vacate the sentence and afford the defendant the option to withdraw his guilty plea and proceed to trial on the entirety of the original charges. They have succinctly stated that modification of the sentence, and particularly elimination of the statutory postrelease supervision, is not an option. (See, People v Goss, 286 AD2d 180 [3d Dept 2001]; People v Yekel, 288 AD2d 762 [3d Dept 2001]; People v Cooney, 290 AD2d 727 [3d Dept 2002] ; People v Jachimowicz, 292 AD2d 688 [3d Dept 2002]; People v Brown, 294 AD2d 751 [3d Dept 2002]; People v Rawdon, 296 AD2d 599 [3d Dept 2002]; People v Jaworski, 296 AD2d 597 [3d Dept 2002]; People v Vahedi, 305 AD2d 866 [3d Dept 2003] ; People v Harler, 296 AD2d 712 [3d Dept 2002].)
In addition, CPL 440.20 itself does not authorize the relief this defendant seeks. Section 440.20 permits modification of an illegal sentence. The sentence imposed here was not illegal. (Cfi, Peter Preiser, Practice Commentaries, McKinney’s Cons Law of NY, Book 11 A, CPL 440.10, 440.20.)
Thus it is clear that the relief requested by the defendant is not available to him. This court must now determine whether any other relief is available to him.
A review of the plea minutes confirms the defendant’s assertion that this court did not inform him, at that time, of the postrelease supervision portions of his sentence. That alone, however, does not entitle the defendant to any relief.
*558 The issue is whether the defendant’s plea was knowing and voluntary. His motion should have included an affidavit alleging that his own attorney also did not inform him of the postrelease supervision and that he was unaware of its existence by any other means. (It seems unlikely to this court that able and experienced trial counsel such as Mr. Dolan had [Herbert L. Greenman of Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, LLC] did not fully discuss the postrelease supervision concept with his client prior to the entry of the plea. The logical explanation for this omission is that the defendant knew full well his counsel had advised him and that he could not get such a false affidavit from Mr. Greenman.)
The defendant’s assertion that he never knew about the post-release supervision until just recently is simply untrue. A review of the sentencing minutes from August 23, 2001 reveals that this court did mention the postrelease supervision in pronouncing sentence: “The post release supervision period will be the maximum which is three years.” (At 33, line 7.) Despite that clear pronouncement, the defendant made no objection or protest of any sort. Neither did he move to withdraw his plea. Nor has he done so for nearly four years (44 months)! The defendant is required to preserve this argument by raising it in a timely manner. (See, People v Shumway, 295 AD2d 916 [4th Dept 2002]; People v Minter, 295 AD2d 927 [4th Dept 2002]; People v Pan Zhi Feng, 15 AD3d 862 [4th Dept 2005]; People v Van Cise, 306 AD2d 915 [4th Dept 2003]; People v Waldron, 273 AD2d 860 [4th Dept 2000]; People v Williams, 307 AD2d 537 [3d Dept 2003]; People v Donald, 5 AD3d 1043 [4th Dept 2004].) A four-year delay is not “timely.”
It seems abundantly clear to this court that the postrelease supervision was known to the defendant, factored into his determination to accept the plea, and did not impact one way or the other his decision to take that favorable plea. The A-II felony of attempted second degree murder would have carried a determinate sentence of at least 5 and not more than 25 years, in whole or half-year increments (Penal Law § 60.01 [3] [a]; § 70.00 [6]; § 70.02 [3] [a]), plus a period of postrelease supervision of between 2xk and 5 years (Penal Law § 70.00 [6]; § 70.45). By taking the plea, even with the postrelease supervision period included, the defendant cut his exposure to one third of what it otherwise would have been.
Such harmless error analysis has been used repeatedly by the Second, Third and Fourth Departments in 2003 and 2004. (See, *559 People v Melio, 304 AD2d 247 [2d Dept 2003]; People v Williams, 307 AD2d 537 [3d Dept 2003]; People v Swansbrough, 307 AD2d 389 [3d Dept 2003]; People v Murray, 2 AD3d 1160 [3d Dept 2003]; People v Bonilla, 6 AD3d 1059 [4th Dept 2004].) While the reasoning in these cases seems both logical and compelling, their precedential value appears to have been eviscerated by the more recent pronouncement of the Court of Appeals in People v Catu (4 NY3d 242 [2005]).
Had the defendant filed a timely motion under the correct section (CPL 440.10 [1] [h]) — and if legal discretion to consider such motion existed — this court would have felt compelled by Catu to assign counsel to represent the defendant and to conduct an evidentiary hearing to obtain evidence from attorney Greenman (either by affidavit or testimony) to determine whether the defendant had been advised of the postrelease supervision provisions by his own counsel prior to the entry of the plea. If such evidence, together with the rest of what such a hearing might disclose, failed to clearly demonstrate that he was so advised, the defendant would have been entitled to have his sentence vacated. He would then have been given the opportunity to withdraw his guilty plea. Had he chosen to withdraw his plea, the three-count original indictment would have been reinstated and the matter scheduled for jury trial. Should such trial ultimately have resulted in the defendant’s conviction upon all charges, he would have faced a potential maximum sentence of up to 25 years, plus the mandatory post-release supervision period.
As this court reads the statute,[1] however, it does not now possess the discretion to consider such a motion. Were the defendant to file such a motion to vacate a judgment now, under the circumstances presented here, this court would be required to deny the motion when any one of these factors exists:
“The ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment” (CPL 440.10 [2] [a]); or “The judgment is, at the time of the motion, appeal-able or pending on appeal, and sufficient facts appear on the record with respect to the ground or issue raised upon the motion to permit adequate review thereof upon such an appeal” (CPL 440.10 [2] [b]); or
*560 “Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant’s unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him” (CPL 440.10 [2] [c]).”
Since one of the factors enumerated in paragraphs (a) through (c) has to exist here,[2] the defendant’s motion — even were he to refile it in the correct posture — would have to be denied. (See, People v Lindsey, 302 AD2d 128 [3d Dept 2003]; People v Murray, 2 AD3d 1160 [3d Dept 2003]; People v Swansbrough, 307 AD2d 389 [3d Dept 2003].)
Because there is no need for a hearing under these circumstances, the defendant is not entitled to the appointment of counsel at public expense. (See, People v Richardson, 159 Misc 2d 167 [Sup Ct, Kings County 1993]; County Law § 722 [4].)

. CPL 440.10 (2) (a), (b), (c).

. We do not know which one applies because the defendant failed to indicate, in his motion, the status of his appeal. Even if not decided on the merits (a) and no longer still pending (b), the issues here could and should have been raised on the appeal (c).