■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAMMI L. VAN DEUSEN, Appellant. [796 NYS2d 721]—

Rose, J. Appeal from a judgment of the County Court of Chenango County (Sullivan, J.), rendered January 22, 2001, convicting defendant upon her plea of guilty of the crime of robbery in the first degree.

Defendant was charged in a six-count indictment with various crimes, including murder in the first degree, arising from her participation in a robbery and burglary which resulted in the

shooting death of the victim. She pleaded guilty to robbery in the first degree in full satisfaction of the indictment as well as another potential charge stemming from a different incident. Under the terms of the plea agreement, defendant was to receive a sentence of not less than 5 nor more than 15 years in prison. At the time of the plea, she was not informed that her incarceration would be followed by a period of postrelease supervision. Prior to sentencing, defendant moved to withdraw her guilty plea on this ground, among others. County Court denied the motion and sentenced her to eight years in prison, to be followed by a five-year period of postrelease supervision. Defendant now appeals.

We held in *People v Goss* (286 AD2d 180 [2001]) that a defendant who is not advised of a period of postrelease supervision is entitled to withdraw his or her plea. Under the circumstances of this case, however, we find *Goss* inapplicable. *Goss* and its progeny involved negotiated guilty pleas where defendants were "deprived of the benefit of [their] bargain[s] when the period of postrelease supervision was automatically added to the determinate term" (*People v Jachimowicz*, 292 AD2d 688, 689 [2002]). Defendant was not deprived of the benefit of her plea bargain here inasmuch as she agreed to a maximum period of imprisonment of 15 years and the eight-year prison term actually imposed, together with the five-year period of postrelease supervision, exposed her to a shorter total period of punishment. Although, as a general rule, a defendant pleading guilty should always be advised of the postrelease supervision component of the sentence (*see People v Catu*, 4 NY3d 242 [2005]), we find no reason to disturb the judgment of conviction here.

Spain, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.