■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN BONNER, Also Known as IVAN VONNER, Appellant. [802 NYS2d 263]—

Crew III, J.P. Appeal from a judgment of the County Court of

Albany County (Breslin, J.), rendered May 27, 2003, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

Defendant was charged in a one-count indictment with the crime of robbery in the second degree. Pursuant to a plea bargain wherein it was agreed that County Court would consider the presentence investigation report and any information presented by counsel prior to imposing sentence and that neither the court nor the People would seek to have defendant classified as a persistent felony offender or a persistent violent felony offender, defendant pleaded guilty to the crime of robbery in the second degree and waived his right to appeal. County Court subsequently sentenced defendant as a second felony offender to a term of imprisonment of 14 years, with a period of five years of postrelease supervision, and imposed a mandatory surcharge of $210. Defendant now appeals.

Defendant contends that pursuant to this Court's decision in *People v Goss* (286 AD2d 180 [2001]), his sentence must be vacated because he was not advised prior to pleading guilty that the sentence imposed would include a period of postrelease supervision and a surcharge. However, the rule set forth in *Goss* applies to situations in which the defendant was "deprived of the benefit of his [or her] bargain when the period of postrelease supervision was automatically added to the determinate term" agreed to (*People v Jachimowicz*, 292 AD2d 688, 689 [2002]; *see People v Van Deusen*, 19 AD3d 747, 748 [2005]). Here, defendant was not promised a specific sentence; he was only assured that County Court would give fair consideration to all of the information before it in imposing sentence and that he would not be sentenced as a persistent felony offender or persistent violent felony offender. Thus, the imposition of a period of postrelease supervision could not have had any impact on his decision to plead guilty (*see People v Munck*, 4 AD3d 627, 628 [2004], *lv denied* 2 NY3d 803 [2004]). Moreover, imposition of a mandatory surcharge does not warrant setting aside defendant's sentence (*see People v Neu*, 1 AD3d 798, 798 [2003]; *see also People v Prihett*, 279 AD2d 335, 335 [2001]).

In light of defendant's knowing, voluntary and intelligent plea and waiver of his right to appeal, we will not consider his argument that the indictment should be dismissed because he was not given an opportunity to testify before the grand jury (*see People v Prodromidis*, 276 AD2d 912, 912 [2000]; *People v Chappelle*, 250 AD2d 878, 878-879 [1998], *lv denied* 92 NY2d 894 [1998]) or his challenge to the effectiveness of his counsel, as it does not implicate the voluntariness of his guilty plea (*see*

*People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Labarge*, 13 AD3d 989, 989 [2004]; *People v Almonte*, 288 AD2d 632, 633 [2001], *lv denied* 97 NY2d 726 [2002]; *People v Shaw*, 261 AD2d 648, 649 [1999]).

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.