■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEMORRIS JONES, Appellant. (Appeal No. 1.) [798 NYS2d 644]—

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered December 4, 2002. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree (two counts), robbery in the first degree and attempted robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon a plea of guilty, of two counts of murder in the second degree (Penal Law § 125.25 [1], [3]), one count of robbery in the first degree (§ 160.15 [2]), and one count of attempted robbery in the first degree (§§ 110.00, 160.15 [2]) and sentencing him to various concurrent terms of incarceration, to be followed by five years of postrelease supervision. In appeal No. 2, defendant appeals from a judgment revoking his probation and sentencing him to a term of incarceration, to be followed by three years of postrelease supervision. In appeal No. 3, defendant appeals from a judgment convicting him, upon a plea of guilty, of criminal possession of a weapon in the third degree (§ 265.02 [4]) and sentencing him to a term of incarceration, to be followed by five years of postrelease supervision. County Court directed that the sentences run concurrently with each other.

We reject the contention of defendant in appeal Nos. 1 and 3 that he was illegally sentenced to postrelease supervision because the court failed to exercise its discretion pursuant to Penal Law § 70.45 (2). A five-year period of postrelease supervision is mandatory for second violent felony offenders (*see id.*; *see e.g. People v Myers*, 9 AD3d 896, 897 [2004], *lv denied* 3 NY3d 679 [2004]). The court therefore properly imposed the five-year postrelease supervision period appropriate for defen-

dant, as a second violent felony offender, in appeal Nos. 1 and 3 (*see People v Munck*, 4 AD3d 627, 628-629 [2004], *lv denied* 2 NY3d 803 [2004]; *cf. People v Goss*, 286 AD2d 180, 183 [2001]).

Defendant's waiver of the right to appeal in appeal No. 2 was knowingly, voluntarily and intelligently made (*see People v Callahan*, 80 NY2d 273, 280 [1992]; *People v Seaberg*, 74 NY2d 1, 11 [1989]). The sentences imposed on the respective convictions are not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Gorski, Smith and Hayes, JJ.