THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON MCALLISTER, Appellant. [628 NYS2d 923] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Onondaga County Court for further proceedings in accordance with the following Memorandum: Defendant pleaded guilty to criminal possession of a weapon in the third degree in return for a term of incarceration of no more than one year. Four days later, while released pending sentencing, defendant was arrested for criminal possession of a weapon. He appeared for sentencing two months after his plea, but County Court adjourned sentencing for 30 days. At that time, the court continued defendant's release on the condition that, if defendant was rearrested during those 30 days, he would be sentenced to 2 1/3 to 7 years' imprisonment. The record of that proceeding does not mention that defendant had already been rearrested. When defendant appeared for sentencing 30 days later, that fact was included in the presentence investigation report. The court then imposed the enhanced sentence, stating, "I think I made it pretty clear" when defendant pleaded guilty that he would receive the greater sentence if he was rearrested and that "[t]he record will speak for itself." In fact, the record shows that the court did not impose that condition at the time of the plea, and that the condition ap-

plied only to the 30 days between the two sentencing appearances (cf., *People v Radek*, 202 AD2d 847, *lv denied* 83 NY2d 914, 84 NY2d 939). Because the court imposed a more severe sentence than that bargained for, it should have afforded defendant the opportunity to withdraw his plea (see, *People v Thomas*, 210 AD2d 902; *People v Scerbo*, 197 AD2d 885; *People v Lefler*, 193 AD2d 1143). Thus, we modify the judgment on appeal by vacating the sentence, and we remit the matter to Onondaga County Court to impose the sentence promised or to afford defendant the opportunity to withdraw his plea. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Possession Weapon, 3rd Degree.) Present—Denman, P. J., Green, Pine, Callahan and Davis, JJ.