■ The People of the State of New York, Respondent, v Grant A. Sundown, Appellant. [758 NYS2d 736] —Appeal from a judgment of Supreme Court, Erie County (Rossetti, J.), entered June 13, 2001, convicting defendant upon his plea of guilty of, inter alia, felony driving while intoxicated.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon his plea of guilty of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [ii]) and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a]), defendant contends that Supreme Court erred in imposing an enhanced sentence. We note at the outset that the waiver by defendant of the right to appeal does not encompass his present contention because the court failed to advise defendant of the potential periods of incarceration that could be imposed before he waived his right to appeal (*see People v Lococo,* 92 NY2d 825, 827 [1998]; *People v Webb,* 299 AD2d 955 [2002], *lv denied* 99 NY2d 565 [2002]) and because the court failed to advise defendant of either the conduct that could result in the imposition of an enhanced

sentence before defendant waived his right to appeal (*see People v Evans*, 302 AD2d 893 [2003]; *People v Baxter*, 302 AD2d 950 [2003]) or the potential periods of incarceration for an enhanced sentence (*see People v Harris*, 289 AD2d 1068 [2001], *lv denied* 98 NY2d 637 [2002]).

Although defendant failed to preserve his contention for our review by objecting to the enhanced sentence or by moving to withdraw his plea or to vacate the judgment of conviction (*see Evans*, 302 AD2d 893; *Baxter*, 302 AD2d 950), we nevertheless exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We conclude that the court erred in imposing an enhanced sentence because it "did not advise defendant that a harsher sentence than he bargained for could be imposed if [he] failed to appear at sentencing" or drove a vehicle (*People v Ortiz*, 244 AD2d 960, 961 [1997]; *see People v Pham*, 287 AD2d 789, 790 [2001]). The record establishes that those conditions applied to the release of defendant on his own recognizance and were not conditions of the plea agreement (*see People v McAllister*, 216 AD2d 961, 961-962 [1995]). We therefore modify the judgment by vacating the sentence, and we remit the matter to Supreme Court, Erie County, to impose the sentence promised or to afford defendant the opportunity to withdraw his plea. In view of our determination, we do not address defendant's remaining contentions. Present—Pine, J.P., Wisner, Kehoe, Burns and Gorski, JJ.