THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL IGNATOWSKI, Appellant. [894 NYS2d 656]—

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered October 1, 2008. The judg-

ment convicted defendant, upon his plea of guilty, of failure to register as a sex offender (two counts).

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of two counts of failure to register as a sex offender (Correction Law § 168-f [3]). Defendant failed to preserve for our review his contention that Supreme Court erred in imposing a surcharge and fees (*see* CPL 470.05 [2]; *People v King*, 57 AD3d 1495 [2008]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant further contends that the court erred in imposing an enhanced sentence without affording him an opportunity to withdraw his plea. Although defendant failed to preserve his contention for our review by failing to object to the enhanced sentence or to move to withdraw his plea or to vacate the judgment of conviction (*see People v Fortner*, 23 AD3d 1058 [2005]; *People v Sundown*, 305 AD2d 1075 [2003]), we nevertheless exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The record establishes that defendant was not informed at the time of the plea that the court could impose an enhanced sentence in the event that he failed to appear at sentencing (*see Fortner*, 23 AD3d 1058 [2005]; *Sundown*, 305 AD2d at 1076; *People v Ortiz*, 244 AD2d 960, 961 [1997]). We therefore modify the judgment by vacating the sentence, and we remit the matter to Supreme Court for resentencing. The sentence promised in accordance with the plea bargain, however, is illegal. Thus, the court upon remittal may impose a lesser sentence than that promised and, in that event, the court must "entertain a motion by the People, should the People be so disposed, to vacate the plea and set aside the conviction in its entirety" (*People v Irwin*, 166 AD2d 924, 925 [1990]; *see People v Tuszynski*, 57 AD3d 1380, 1381 [2008]). "Further, should the People be so disposed, they may withdraw their consent to the waiver of indictment" (*People v Hamilton*, 49 AD3d 1163, 1164-1165 [2008]; *see* CPL 195.10 [1] [c]). Alternatively, the court upon remittal may impose a greater sentence than that promised and, in that event, the court must afford defendant the opportunity to withdraw his plea (*see generally People v Martin*, 278 AD2d 743, 744 [2000]). In light of our determination, we do not address defendant's remaining contentions. Present—Scudder, P.J., Centra, Fahey, Carni and Pine, JJ.