# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

124

KA 13-00885

PRESENT: SCUDDER, P.J., SMITH, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

GARY KELLY, DEFENDANT-APPELLANT.

---

ROBERT M. PUSATERI, CONFLICT DEFENDER, LOCKPORT (EDWARD P. PERLMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Farkas, J.), rendered April 24, 2013. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Niagara County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [12]), defendant contends that County Court erred in imposing an enhanced sentence without affording him an opportunity to withdraw his plea. We agree. Initially, we note that defendant waived his right to appeal, but we conclude that the waiver of the right to appeal does not encompass his allegation that the court improperly enhanced his sentence (*see People v Joyner*, 19 AD3d 1129, 1129; *People v Lighthall*, 6 AD3d 1170, 1171, *lv denied* 3 NY3d 643). Although defendant failed to preserve his contention for our review by failing to object to the enhanced sentence or by moving to withdraw his plea or to vacate the judgment of conviction (*see People v Fortner*, 23 AD3d 1058, 1058; *People v Sundown*, 305 AD2d 1075, 1076), we nevertheless exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). As part of the plea, the court stated that it would sentence defendant to, inter alia, a determinate term of incarceration of between one and three years. There is no indication that defendant violated any condition of the plea (*cf. People v Sprague*, 82 AD3d 1649, 1649, *lv denied* 17 NY3d 801). Consequently, we agree with defendant that the court erred in enhancing the sentence by imposing a determinate term of incarceration that exceeded the

promised sentencing range (*see People v Smith*, 101 AD3d 1677, 1677, *lv denied* 20 NY3d 1104; *People v Rhodes*, 91 AD3d 1280, 1282).  We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court to impose a sentence within the promised sentencing range or to afford defendant the opportunity to withdraw his plea.

Entered:  March 20, 2015                          Frances E. Cafarell
                                                  Clerk of the Court