# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**509**
**KA 14-00379**
PRESENT: CENTRA, J.P., CARNI, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

HENRY S. SPENCER, IV, DEFENDANT-APPELLANT.

---

CHRISTOPHER HAMMOND, COOPERSTOWN, FOR DEFENDANT-APPELLANT.

---------------------------------------------------------------------------------

Appeal from a judgment of the Allegany County Court (Terrence M. Parker, J.), rendered January 15, 2014. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree and grand larceny in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence, and as modified the judgment is affirmed, and the matter is remitted to Allegany County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20) and grand larceny in the fourth degree (§ 155.30 [7]), defendant contends that County Court erred in imposing an enhanced sentence without specifically warning him of that possibility if he failed to appear for sentencing. The record establishes that defendant was not informed at the time of his plea that he must return for sentencing in order to avoid the imposition of an enhanced sentence. Although defendant failed to preserve his contention for our review by objecting to the enhanced sentence or by moving to withdraw his plea or to vacate the judgment of conviction (*see People v Fortner*, 23 AD3d 1058, 1058; *People v Sundown*, 305 AD2d 1075, 1076), we nevertheless exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We conclude that the court erred in imposing an enhanced sentence because it "did not advise defendant that a harsher sentence than he bargained for could be imposed if [he] failed to appear at sentencing" (*People v Ortiz*, 244 AD2d 960, 961; *see Sundown*, 305 AD2d at 1076).

We therefore modify the judgment by vacating the sentence, and we remit the matter to Allegany County Court to impose the promised sentence or to afford defendant the opportunity to withdraw his plea (*see Fortner*, 23 AD3d at 1058). In light of our determination, we do not address defendant's remaining contentions.

Entered: June 12, 2015

Frances E. Cafarell
Clerk of the Court