# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1058**
**KA 12-02288**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

FARRAH A. DONALD, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

FARRAH A. DONALD, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered January 5, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence, and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that Supreme Court erred in imposing an enhanced sentence without specifically warning him of that possibility if he failed to appear for sentencing. "Although defendant failed to preserve his contention for our review by objecting to the enhanced sentence or by moving to withdraw his plea or to vacate the judgment of conviction (*see People v Fortner*, 23 AD3d 1058, 1058 [2005]; *People v Sundown*, 305 AD2d 1075, 1076 [2003]), we nevertheless exercise our power to review defendant's contention as a matter of discretion in the interest of justice" (*People v Spencer*, 129 AD3d 1458, 1459; *see* CPL 470.15 [3] [c]; *People v Ignatowski*, 70 AD3d 1472, 1473). We agree with defendant that the court erred in imposing an enhanced sentence inasmuch as it did not advise defendant at the time of his plea that "a harsher sentence than he bargained for could be imposed if [he] failed to appear at sentencing" (*People v Ortiz*, 244 AD2d 960, 961; *see Sundown*, 305 AD2d at 1075-1076). We therefore modify the judgment by vacating the sentence, and we remit the matter to Supreme Court to impose the promised sentence or to afford defendant the opportunity to withdraw his plea (*see Spencer*,

129 AD3d at 1459; *Fortner*, 23 AD3d at 1058).

Defendant further contends that we are required to afford him the even greater remedy of vacatur of his plea because the court failed to warn him at the plea hearing that an enhanced sentence could also include a period of postrelease supervision (PRS). Under the circumstances presented here, that contention is not preserved for our review because defendant never objected to the term of PRS (*see People v Turner*, 24 NY3d 254, 258-259; *People v Murray*, 15 NY3d 725, 726-727). We decline to exercise our power to reach defendant's contention as a matter of discretion in the interest of justice inasmuch as defendant was made aware at the plea hearing that his sentence would include a term of five years of PRS, and the court did not increase that term of PRS when it imposed the enhanced sentence (*cf. People v McAlpin*, 17 NY3d 936, 938; *People v Singletary*, 118 AD3d 610, 611; *see generally* CPL 470.15 [3] [c]).

We have examined the remaining contentions in defendant's pro se supplemental brief and conclude that none requires further modification or reversal of the judgment.

Entered: October 9, 2015                    Frances E. Cafarell
                                            Clerk of the Court