# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

414

KA 14-02017

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

FRANK M. THOMAS, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (MARY-JEAN BOWMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK M. THOMAS, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Farkas, J.), rendered July 16, 2014. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law, the sentence is vacated, and the matter is remitted to Niagara County Court for further proceedings in accordance with the following memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]). In appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the third degree (§§ 110.00, 140.20). Initially, we note that defendant waived his right to appeal, but we conclude that the waiver of the right to appeal does not encompass his allegation that County Court improperly enhanced his sentence (*see People v Kelly*, 126 AD3d 1328, 1328; *People v Lighthall*, 6 AD3d 1170, 1171, *lv denied* 3 NY3d 643). Although defendant failed to preserve his contention for our review by failing to object to the enhanced sentence, or by moving to withdraw his plea or to vacate the judgment of conviction (*see People v Fortner*, 23 AD3d 1058, 1058; *People v Sundown*, 305 AD2d 1075, 1076), we nevertheless exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

As part of the plea agreement, the court stated that it would sentence defendant to a determinate term of incarceration of five years for the attempted criminal possession of a weapon conviction in

appeal No. 1, and it promised to impose a concurrent, indeterminate term of incarceration of 2 to 4 years for the attempted burglary in the third degree conviction in appeal No. 2. The court did not warn defendant that it could impose an enhanced sentence if he was arrested on new charges, or if he failed to appear for sentencing. While awaiting sentencing, defendant was arrested on new charges and failed to appear for sentencing, and the court imposed the promised sentence in appeal No. 2, but an enhanced sentence of a seven-year term in appeal No. 1. Accordingly, we conclude that the court erred in imposing an enhanced sentence in appeal No. 1 inasmuch as it did not advise defendant at the time of his plea that "a harsher sentence than he bargained for could be imposed if [he] failed to appear at sentencing" (*People v Ortiz*, 244 AD2d 960, 961; *see People v Donald*, 132 AD3d 1396, 1397; *Sundown*, 305 AD2d at 1075-1076), or if he was arrested on new charges while awaiting sentencing (*see generally People v Outley*, 80 NY2d 702, 712-713).

We therefore modify the judgment in each appeal by vacating the sentence in each appeal, and we remit the matters to County Court to impose the promised sentences or to afford defendant the opportunity to withdraw his pleas (*see People v Spencer*, 129 AD3d 1458, 1459; *Fortner*, 23 AD3d at 1058; *see generally People v Ciccarelli*, 32 AD3d 1175, 1176). In light of our determination, we do not address defendant's remaining contentions.

Entered:  June 10, 2016                    Frances E. Cafarell
                                           Clerk of the Court