People v Thomas (2019 NY Slip Op 05290)





People v Thomas


2019 NY Slip Op 05290


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


668 KA 18-00155

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FRANK M. THOMAS, DEFENDANT-APPELLANT. 






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (THERESA L. PREZIOSO OF COUNSEL), FOR DEFENDANT-APPELLANT.
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Niagara County Court (Sara Sheldon, J.), rendered December 13, 2016. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Niagara County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law
§ 265.03 [3]). In a prior appeal from a judgment convicting defendant upon his plea of guilty to the lesser-included offense of attempted criminal possession of a weapon in the second degree (§§ 110.00, 265.03 [3]), we determined that an enhanced sentence had been improperly imposed and we therefore vacated the sentence and remitted the matter to County Court to impose the promised sentence or to afford defendant the opportunity to withdraw his guilty plea (People v Thomas, 140 AD3d 1615, 1616-1617 [4th Dept 2016]). Defendant withdrew his plea and, prior to trial, he moved, inter alia, to dismiss the indictment on the ground that the grand jury proceedings were defective within the meaning of CPL 210.35 (5). Specifically, counsel argued that certain instructions "should be given careful consideration," including burden of proof, legally sufficient evidence, reasonable cause and the term "possess," and he now contends, inter alia, that the court erred in refusing to dismiss the indictment. The record, however, is devoid of any ruling on that part of defendant's motion. It is well established that when the record does not reflect that the court ruled on a part of a motion, the failure to rule on that part cannot be deemed a denial thereof (see People v Matthews, 147 AD3d 1206, 1207 [3d Dept 2017]; People v Stewart, 111 AD3d 1395, 1396 [4th Dept 2013]; see generally People v Concepcion, 17 NY3d 192, 197-198 [2011]). We therefore hold the case, reserve decision and remit the matter to County Court to decide that part of defendant's motion.
We reject defendant's further contention that, because he had neither actual nor constructive possession of the firearm, the evidence is legally insufficient to support the conviction. Viewing the evidence in the light most favorable to the People (see People v Hines, 97 NY2d 56, 62 [2001], rearg denied 97 NY2d 678 [2001]), we conclude that there is a valid line of reasoning and permissible inferences that could lead the jury to conclude that defendant actually or constructively possessed the subject weapon (see Penal Law § 10.00 [8]; see also People v Manini, 79 NY2d 561, 573 [1992]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). To the extent that defendant challenges the sufficiency of the evidence before the grand jury, that contention is " not reviewable on this appeal from the ensuing judgment based upon legally sufficient trial evidence' " (People v Gonzales, 145 AD3d 1432, 1432 [4th Dept 2016], lv denied 29 NY3d 1079 [2017]). Furthermore, viewing the evidence in the light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at [*2]495).
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court