People v Stevens (2020 NY Slip Op 05093)





People v Stevens


2020 NY Slip Op 05093


Decided on September 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 24, 2020

110285

[*1]The People of the State of New York, Respondent,
v
Melinda A. Stevens, Appellant.

Calendar Date: September 4, 2020

Before: Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Dana L. Salazar, East Greenbush, for appellant.
Craig P. Carriero, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.



Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered January 23, 2018, convicting defendant upon her plea of guilty of the crimes of criminal contempt in the second degree, attempted aggravated family offense and obstructing governmental administration in the second degree.
Defendant pleaded guilty to criminal contempt in the second degree, attempted aggravated family offense and obstructing governmental administration in the second degree and waived the right to appeal. During the plea colloquy, County Court informed defendant that, if she pleaded guilty, it could sentence her to up to 365 days in jail or to probation for up to three years, or it could impose a fine of not greater than $1,000 for each count. Following her guilty plea, County Court sentenced defendant to three concurrent sentences of 365 days in jail and imposed a $1,000 fine. Defendant appeals, arguing that County Court's imposition of both a 365-day jail sentence and a fine violated the terms of the plea agreement.
Defendant's contention survives her appeal waiver, inasmuch as the record reveals that the waiver explicitly excluded a contention that County Court violated its sentencing agreement (see People v Sausville, 112 AD3d 984, 985 [2013], lv denied 22 NY3d 1159 [2014]; see also People v Sanchez, 164 AD3d 1545, 1547 [2018], lv denied 32 NY3d 1115 [2018]). The People concede, and we agree, that a sentence that included both 365 days in jail and an imposition of a fine was not part of the plea agreement. Defendant has served her jail time and we find that the provision of her sentence imposing the fine must be vacated (see People v Anderson, 99 AD3d 1034, 1035 [2012], lv denied 20 NY3d 1009 [2013]; People v Cote, 265 AD2d 681, 682 [1999]; People v Youngs, 156 AD2d 885, 886 [1989]).
Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating that portion of the sentence as imposed a $1,000 fine, and, as so modified, affirmed.