People v Wilson (2022 NY Slip Op 00593)





People v Wilson


2022 NY Slip Op 00593


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, AND WINSLOW, JJ.


1100 KA 20-00791

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GARY WILSON, DEFENDANT-APPELLANT. 






RYAN JAMES MULDOON, AUBURN, FOR DEFENDANT-APPELLANT. 
TODD J. CASELLA, DISTRICT ATTORNEY, PENN YAN (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Yates County Court (Jason L. Cook, J.), rendered February 20, 2020. The judgment convicted defendant upon his plea of guilty of reckless endangerment in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the fine and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of reckless endangerment in the first degree (Penal Law § 120.25), defendant contends that his waiver of the right to appeal is invalid and that his sentence is unduly harsh and severe. Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and therefore does not preclude our review of his challenge to the severity of the sentence (see People v Love, 181 AD3d 1193, 1193 [4th Dept 2020]), we conclude that the sentence is not unduly harsh or severe.
Defendant's further contention that his guilty plea was not knowingly, intelligently, and voluntarily entered is actually a contention that County Court erred in imposing a $1,000 fine that was not part of the negotiated plea agreement without affording him an opportunity to withdraw his plea (see generally People v Kelly, 126 AD3d 1328, 1328 [4th Dept 2015]). Although defendant failed to preserve his contention for our review by failing to object to the imposition of the fine or by moving to withdraw his plea or to vacate the judgment of conviction (see id.), we exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]; Kelly, 126 AD3d at 1328). With respect to the merits, as the People correctly concede, the court improperly enhanced defendant's sentence by imposing "a fine that was not part of the negotiated plea agreement" (People v Roberts, 139 AD3d 1092, 1092 [2d Dept 2016]; see People v Stevens, 186 AD3d 1833, 1833 [3d Dept 2020]). With respect to the remedy, under the circumstances of this case, we conclude that it is "appropriate to vacate the provision of the defendant's sentence imposing a fine, so as to conform the sentence imposed to the promise made to the defendant in exchange for his plea of guilty" (Roberts, 139 AD3d at 1092; see Stevens, 186 AD3d at 1833). We therefore modify the judgment accordingly.
We have reviewed defendant's remaining contention and conclude that it does not require reversal or further modification of the judgment.
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court