People v Vanderhoef (2023 NY Slip Op 03580)

People v Vanderhoef

2023 NY Slip Op 03580

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, MONTOUR, OGDEN, AND GREENWOOD, JJ.

200 KA 22-00042

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID L. VANDERHOEF, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

CAITLIN M. CONNELLY, BUFFALO, FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Steuben County Court (Philip J. Roche, J.), rendered November 23, 2021. The judgment convicted defendant upon a plea of guilty of aggravated unlicensed operation of a motor vehicle in the third degree and driving while ability impaired by drugs. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of driving while ability impaired by drugs as a misdemeanor (Vehicle and Traffic Law §§ 1192 [4]; 1193 [1] [b] [i]) and aggravated unlicensed operation of a motor vehicle in the third degree (§ 511 [1] [a]). In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of falsifying business records in the first degree (Penal Law § 175.10). In appeal No. 3, defendant appeals from a judgment convicting him upon his plea of guilty of driving while ability impaired by drugs as a class E felony (Vehicle and Traffic Law §§ 1192 [4]; 1193 [1] [c] [i] [A]) and aggravated unlicensed operation of a motor vehicle in the third degree (§ 511 [1] [a]).
In appeal No. 2, defendant contends that his agreed-upon sentence of an indeterminate term of imprisonment of two to four years is unduly harsh and severe. The fact that defendant "received the bargained-for sentence . . . does not preclude him from seeking our discretionary review of his sentence pursuant to CPL 470.15 (6) (b)" (People v Hettig, 210 AD3d 1508, 1509 [4th Dept 2022], lv denied 39 NY3d 1073 [2023] [internal quotation marks omitted]). Nevertheless, we conclude that the sentence is not unduly harsh or severe.
We likewise reject defendant's contention in appeal Nos. 1 and 3, respectively, that the imposition of a $500 fine upon his conviction of misdemeanor driving while ability impaired by drugs and a $1,000 fine upon his conviction of felony driving while ability impaired by drugs is unduly harsh and severe (see People v Hawkins, 179 AD3d 1547, 1549 [4th Dept 2020], lv denied 35 NY3d 942 [2020]; People v Schena, 59 AD3d 986, 986-987 [4th Dept 2009]).
With respect to appeal No. 3, defendant further contends that County Court improperly enhanced his sentence upon his conviction of felony driving while ability impaired by drugs by imposing the $1,000 fine. Although defendant failed to preserve his contention for our review because he did not object to the imposition of the fine or move to withdraw his plea or to vacate the judgment of conviction (see People v Wilson, 201 AD3d 1354, 1354 [4th Dept 2022]; People v Fortner, 23 AD3d 1058, 1058 [4th Dept 2005]), we exercise our power to review the issue as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). As the People correctly concede, the court improperly enhanced defendant's sentence "by imposing a fine that was not part of the negotiated plea agreement" (Wilson, 201 AD3d at 1354 [internal quotation marks omitted]). We therefore modify the judgment in appeal No. 3 by vacating the $1,000 fine "so as [*2]to conform the sentence imposed to the promise made to the defendant in exchange for his plea of guilty" (id. [internal quotation marks omitted]; see People v Lester, 49 AD3d 1183, 1183 [4th Dept 2008]; see also People v Days, 150 AD3d 1622, 1625 [4th Dept 2017], lv denied 29 NY3d 1125 [2017]).
We have reviewed defendant's remaining contention in appeal No. 1 and conclude that it does not warrant modification or reversal of the judgment in that appeal.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court