People v Truax (2024 NY Slip Op 01447)

People v Truax

2024 NY Slip Op 01447

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, GREENWOOD, AND DELCONTE, JJ.

877.1 KA 21-01496

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KYREE TRUAX, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (NOREEN E. MCCARTHY OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH DANNAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered August 7, 2020. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and tampering with physical evidence. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and tampering with physical evidence (§ 215.40 [2]). As an initial matter, we agree with defendant, and the People correctly concede, that his waiver of the right to appeal is invalid (see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]).
Next, defendant contends that his conviction of criminal possession of a weapon in the second degree is unconstitutional in light of the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen, 597 US 1 [2022]). Defendant failed to raise a constitutional challenge before County Court, however, and therefore any such contention is unpreserved for our review (see People v Jacque-Crews, 213 AD3d 1335, 1335-1336 [4th Dept 2023], lv denied 39 NY3d 1111 [2023]; see generally People v Davidson, 98 NY2d 738, 739-740 [2002]; People v Reinard, 134 AD3d 1407, 1409 [4th Dept 2015], lv denied 27 NY3d 1074 [2016], cert denied 580 US 969 [2016]). Contrary to defendant's contention, his "challenge to the constitutionality of [his conviction under the] statute must be preserved" (People v Baumann & Sons Buses, Inc., 6 NY3d 404, 408 [2006], rearg denied 7 NY3d 742 [2006]; see People v Cabrera, — NY3d &mdash, 2023 NY Slip Op 05968, *2-7 [2023]). We decline to exercise our power to review defendant's constitutional challenge as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Defendant further contends that the court improperly imposed an enhanced sentence without affording him an opportunity to withdraw his plea. That contention is not preserved for our review because defendant did not object to the alleged enhanced sentence, nor did he move to withdraw the plea or to vacate the judgment of conviction (see People v Fortner, 23 AD3d 1058, 1058 [4th Dept 2005]; People v Sundown, 305 AD2d 1075, 1075 [4th Dept 2003]). In any event, defendant's contention lacks merit. The court promised at the plea proceeding that it would impose "[a] sentence of no worse than seven years determinate," with five years' postrelease supervision. Defendant was later sentenced to an aggregate determinate term of incarceration of seven years, to be followed by five years of postrelease supervision, and therefore he did not receive a sentence greater than what had been promised to him. We reject defendant's contention that the sentence is unduly harsh or severe.
We have considered defendant's remaining contentions, including those concerning the grand jury presentation, and we conclude that they do not require modification or reversal of the [*2]judgment.
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court