People v Boykins (2025 NY Slip Op 03468)

People v Boykins

2025 NY Slip Op 03468

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND NOWAK, JJ.

439 KA 23-00563

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ATREYU BOYKINS, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (LEO DRAWS, ADMITTED PRO HAC VICE, OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH A. DANNAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered July 28, 2022. The judgment convicted defendant upon his plea of guilty of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his guilty plea of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that his waiver of the right to appeal is invalid and that his sentence is unduly harsh and severe. Even assuming, arguendo, that the waiver of the right to appeal is invalid and therefore does not preclude our review of defendant's challenge to the severity of his sentence (see People v Wilson, 201 AD3d 1354, 1354 [4th Dept 2022]), we perceive no basis in the record to exercise our power to modify the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]). We note that defendant's plea satisfied charges arising from multiple shooting incidents over a three-month period, including two counts of attempted murder in the second degree.
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court